## UNITED STATES *v.* MITCHELL ET AL., EXECUTORS.

### APPEAL FROM THE COURT OF CLAIMS.

No. 470.   Argued March 18, 19, 1926.—Decided April 12, 1926.

1. In calculating the income tax on an estate during administration, under the Revenue Act of 1918, federal estate taxes are deductible from gross income. *United States* v. *Woodward,* 256 U. S. 632. P. 11.

2. But where the estate tax, though it accrued during the income tax year, was not paid until later, and the tax-payer's books were kept upon the basis of actual receipts and disbursements—not the " accrual " basis —, and the return showed such income only as was received during the tax year, the estate tax was not deductible in computing the taxable income of that year. *United States* v. *Anderson,* 269 U. S. 422. *Woodward Case, supra,* distinguished. *Id.*

3. Where claimants' right to recover money paid as income taxes depended on their books having been kept on the accrual basis, the burden was on them to prove that the books were so kept. P. 12.

4. A question not raised by counsel or discussed in the opinion is not
to be regarded as decided merely because it might have been raised
and decided on the record. P. 14.

5. The inheritance tax imposed by Texas, and paid by executors,
*held* deductible in computing the federal income tax of the estate
under Revenue Law of 1918. *Keith* v. *Johnson, ante,* p. 1.
P. 14.

60 Ct. Cls. 451, reversed.

APPEAL from a judgment of the Court of Claims for an
amount paid as income tax.

*Solicitor. General Mitchell,* with whom *Messrs. A. W.
Gregg,* Solicitor of Internal Revenue, and *T. H. Lewis, Jr.,*
were on brief, for the United States.

·*Mr. A. L. Humes,* with whom *Mr. Stafford Smith* was
on the brief, for appellees.

MR. JUSTICE BUTLER delivered the opinion of the Court.

November. 28, 1918, Dellora R. Gates, a resident of
Texas, died testate; and, January 6, 1919, the County
Court of Jefferson County granted letters testamentary to
appellees. The federal estate tax accrued one year after
her death; and, November 26, 1919, the executors made a
return showing $2,927,762.64 due the United States under
the Revenue Act of 1916.[1] They did not pay any part
of the tax in 1919, but paid $1,000,000, February 25, 1920,
and the balance May 27, of that year. Under the Reve-
nue Act of 1918,[2] the executors, March 14, 1920, made an
income tax return for the estate for 1919, showing a bal-
ance due of $905,225.73. If the estate tax had been

---

[1] Section. 201, Act of September 8, 1916, c. 463, Title II, 39 Stat.
756, 777, as amended March 3, 1917, c. 159, Title III, 39 Stat. 1000,
1002, and October 3, 1917, c. 63, Title IX, 40 Stat. 300, 324.

[2] Act of February 4, 1919, c. 18, Title II, §§ 210, 214, 219, 40 Stat.
1057, 1062, 1067, 1071.

deducted there would have been no taxable income for that year. In 1919, the executors paid an inheritance tax of $357,739.34, which was imposed and became due in that year under the laws of Texas.[3]  If that amount had been deducted, the income tax of the estate for that year would have been reduced by $261,149.72.  When the return was made, the rulings and regulations of the Commissioner of Internal Revenue and the Secretary of the Treasury did not permit the deduction of the federal estate tax or the state inheritance tax; and for that reason the executors did not claim that either should be deducted, and paid the amount shown by the return.  After the decision of this court in *United States* v. *Woodward* (1921), 256 U. S. 632, the executors filed a claim for refund which was denied.  The Bureau of Internal Revenue offered to allow them to deduct the estate tax paid in 1920 from gross income, in calculating the income tax on the estate, for that year.  The executors refused to do so and brought this action in which they seek to recover the full amount of the 1919 income tax paid.  And, in the event that the estate tax shall be held not deductible, they seek to recover $261,149.72, the amount by which the income tax would have been lessened if the Texas inheritance tax paid in that year had been deducted.  The Court of Claims held the estate tax deductible, and gave judgment for the full amount.

It is established that, in calculating the income tax on an estate during administration under the Revenue Act of 1918, § 214(a)(3), federal estate taxes are deductible. *United States* v. *Woodward, supra.*  But the question presented by this case is whether, in calculating the income tax for 1919, the executors were entitled to deduct from the gross income actually received in that year the estate

---

[3] Vernon's Sayles' Texas Civil Statutes, 1914 ed., as amended by c. 166, Laws of 1917, Art. 7487–7502.

tax which was not paid until 1920. The executors maintain that under § 214(a)(3) estate taxes are deductible if paid or if accrued within the taxable year; and that the estate tax, accruing in 1919 and paid in 1920, was deductible from gross income actually received in 1919. When regard is had to other provisions of the Act, it is clear that this contention is not admissible. Section 200 declares that " paid " means " paid or accrued," and that the phrase " paid or accrued " shall be construed according to the method of accounting upon the basis on which the net income is computed under § 212. And § 212 provides that net income shall be computed on the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping the books of the taxpayer (*United States* v. *Anderson,* 269 U. S. 422); but if no such method has been employed, or if the method employed does not reflect the income, the computation shall be made upon a basis and in a manner that, in the opinion of the Commissioner, does clearly reflect the income. The return shows that it was made on the basis of income actually received in 1919. This indicates that the accounts were kept on the basis of actual receipts and disbursements, and there is nothing in the record to show that any other method was employed. The burden is on the executors to establish the invalidity of the tax. *United States* v. *Anderson, supra.* They have not shown that their books were kept on the accrual basis. Assuming, as we must, that the accounts of the estate were kept on the basis of actual receipts and disbursements, the executors were required to make return on that basis. Notwithstanding the option given taxpayers, it is the purpose of the Act to require returns that clearly reflect taxable income. That purpose will not be accomplished unless income received and deductible disbursements made are treated consistently. It was not the purpose of the Act to permit gross income actually

received to be diminished by taxes or other deductible items disbursed in a later year, even if accrued in the taxable year. It is a reasonable construction of the law that the same method be applied to both sides of the account.

Appellees contend that *United States* v. *Woodward, supra,* governs this case. The provisions of the Revenue Act of 1916 and of the Revenue Act of 1918 which are here involved were considered in that case. The cases are much alike. Woodward died December 15, 1917, and the estate tax became due one year later, but it was not paid until February 8, 1919. It may be assumed that the return for 1918 included only the income actually received in that year. The rules and regulations then in force did not permit the deduction of the estate tax. If that deduction had been made there would have been no taxable income. The executors paid the tax under duress, and brought suit for the amount paid. The Court of Claims held them entitled to recover, and this court affirmed the judgment. The question considered and decided was whether in ascertaining net taxable income the estate tax was deductible. The opinion referred to the provision which imposes the tax upon incomes of estates and that part of § 214 which authorizes the deduction of " taxes paid or accrued within the taxable year imposed (a) by the authority of the United States, except income, war-profits and excess-profits taxes," and, in discussing the clause defining the deductions permitted to be made, the court said (p. 634), " The words of its major clause are comprehensive and include every tax which is charged against the estate by the authority of the United States. The excepting clause specifically enumerates what is to be excepted. The implication from the latter is that the taxes which it enumerates would be within the major clause were they not expressly excepted, and also that there was no purpose to except any others. Estate taxes

were as well known at the time the provision was framed as the ones particularly excepted. . . . Thus their omission from the excepting clause means that Congress did not intend to except them. The Act of 1916 calls the estate tax a 'tax' and particularly denominates it an 'estate tax.' This court recently has recognized that it is a duty or excise and is imposed in the exertion of the taxing power of the United States. *New York Trust Co.* v. *Eisner, ante,* 345." The question decided concerned the character of the exaction; that is, whether the so-called federal " estate taxes " were " taxes " within the meaning of that word as used in the clause of § 214 quoted. The government did not contend that, if deductible at all, the estate taxes could not be deducted in that case because the return was made on the basis of income actually received in 1918, whereas the estate tax, accruing in that year, was not paid until 1919. That question was not presented to the court for decision, and no such question was considered or decided. It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered. *Webster* v. *Fall,* 266 U. S. 507, 511. The *Woodward Case* does not support the contention that, where the estate income tax return is made on the basis of income actually received in the taxable year, there may be deducted the estate tax accruing in that year but paid in the following year.

It remains to be considered whether, in calculating the tax on the income of the estate, the inheritance tax imposed by the law of Texas and paid by appellees in 1919 is deductible from the gross income received in that year. That law provides that all property, which shall pass by will or by the laws of descent, shall upon passing to or for the use of any person (with certain exceptions) be subject to a tax for the benefit of the State. We are of

opinion that, in respect of the matter under consideration, the Texas inheritance tax law cannot be distinguished from the New York transfer tax law; and that under *Keith* v. *Johnson,* decided this day, *ante,* p. 1, the executors are entitled to have the inheritance tax paid in 1919 deducted from the income of the estate received in that year.

*Judgment reversed*