## APPEAL OF CONTINENTAL LIFE INSURANCE CO.

Docket No. 2672.    Decided November 10, 1926.

1. In the absence of any evidence of the method of accounting regularly employed in keeping the books of a taxpayer, the action of the Commissioner in computing income upon a cash receipts and disbursements basis must be approved.

2. Where the evidence dicloses that the taxpayer, an insurance company, is required to file report with the insurance departments of the jurisdictions in which it operates, showing income and disbursements upon a cash basis and its balance sheets upon an accrual basis, it can not be assumed that the books of account are kept upon an accrual basis.

3. Prior to 1919, returns had been made upon the basis of cash received and disbursed. In 1919 gross income was reported on the basis of cash received and deductions upon the basis of cash disbursed plus liabilities accrued and unpaid. *Held*, that the return upon such basis distorts taxable income.

4. In the case of corporations issuing policies covering life, health, and accident insurance combined in one policy, issued on the weekly premium payment plan, continuing for life and not subject to cancellation, the net addition to be made to reserve funds is to some degree in the discretion of the proper officials of the company. Where the evidence is insufficient clearly to establish that the addition to the reserve made during the taxable year was insufficient, no greater amount will be allowed as a deduction than that set up on the books.

5. *Quaere:* Whether any amount can be allowed as an addition to reserve funds where such amount has not been set up as a part of such reserve?

*Chester A. Gwinn, Esq.*, for the petitioner.
*Ellis W. Manning, Esq.*, for the Commissioner.

Petitioner appeals from the determination of deficiencies in income and profits taxes of $6,028.96 for 1919 and $1,301.77 for 1920.

FINDINGS OF FACT.

1. The petitioner is a corporation organized under the laws of the Commonwealth of Virginia, with its principal office in Washington, D. C., and is engaged in the life insurance business.

2. On February 20, 1920, said company filed its corporation income and profits-tax return for the calendar year 1919, reporting total net income amounting to $24,763.15, and claiming deduction of taxes accrued during the year 1919 amounting to $11,483.21, and unpaid death claims accrued during the year 1919 amounting to $2,310.78.

3. On or about March 15, 1921, petitioner filed its corporation income and profits-tax return for the calendar year 1920, showing total net income of $24,566.44 and claiming as a deduction the sum of $14,565.55 on account of taxes accrued during the year 1920.

4. Upon the audit of the above-mentioned returns the Commissioner changed the basis of the petitioner's accounting from the methods used in said returns to a so-called " cash and disbursements " method, and in making such change disallowed the deduction of $11,483.21 claimed by the petitioner as and for taxes accrued during the year 1919, and $2,310.78 claimed as a deduction by the petitioner for death claims accrued during the year 1919.

5. The Commissioner having disallowed the above-mentioned deductions for the year 1919, added those amounts to the net income of the petitioner, and determined an additional tax thereon in the amount of $6,028.96 for the year 1919.

6. On the audit of the petitioner's return for the year 1920 the Commissioner disallowed the deduction taken therein of taxes accrued during the year 1920 in the amount of $14,565.55, restored the amount of taxes disallowed for the year 1919 and allowed same for 1920, added the difference of $3,082.34 to petitioner's net income for the year 1920, and determined a deficiency tax in the sum of $1,301.77 for the year 1920.

7. The following statement explains the disallowances made by the Commissioner and the additions to income resulting therefrom:

1919.

| | | |
|---|---:|---:|
| Net income, Bureau letter, Feb. 18, 1925 | | $38,248.44 |
| Net income per return | | 24,763.15 |
| Net increase | | 13,485.29 |
| Increases: | | |
| Taxes accrued Dec. 21, 1919 | $11,483.21 | |
| Unpaid death claims Dec. 31, 1919 | 2,310.78 | |
| Interest on money to carry United States obligations | 267.97 | |
| Error in computation by Bureau | .10 | 14,062.06 |

Decreases:

| | | |
|---|---:|---:|
| Interest received a/c United States obligations | $267.97 | |
| Increase of nontaxable income | 308.80 | $576.77 |
| | | 13,485.29 |

### 1920.

| | |
|---|---:|
| Net income, Bureau letter Feb. 18, 1925 | 26,865.08 |
| Net income per return | 24,566.44 |
| Net increase | 2,298.64 |

Increases:

| | | |
|---|---:|---:|
| Taxes accrued Dec. 31, 1920 | $14,565.55 | |
| Taxes accrued Dec. 31, 1919 | 11,483.21 | |
| | | 3,082.34 |

Decreases:

| | | | |
|---|---:|---:|---:|
| Federal income tax—return | $7,216.82 | | |
| Federal income tax—Bureau letter | 7,209.59 | | |
| | | 7.33 [*sic*] | |
| Nontaxable interest | | 655.54 | |
| Unpaid death claims Dec. 31, 1919 | 2,310.78 | | |
| Unpaid death claims Dec. 31, 1920 | 2,189.95 | | |
| | | 120.83 | |
| | | | 783.70 |
| | | | 2,298.64 |

8. The sum of $11,483.21 deducted by the petitioner in its income-tax return for the year 1919, as and for taxes accrued during said year, was a liability for excise taxes payable to the Collector of Taxes of the District of Columbia on or before March 1, 1920, and to the Treasurer of the Commonwealth of Virginia on or before April 1, 1920, on premiums collected by the petitioner during the year 1919, and was carried and reported in its annual statements made and submitted by it to the Commissioner of Insurance of Virginia and to the Superintendent of Insurance for the District of Columbia.

9. The sum of $14,565.55 deducted by the petitioner on its income-tax return for the year 1920, as and for taxes accrued during said year, was a liability for excise taxes levied on premiums collected by the petitioner and was payable to the Collector of Taxes of the District of Columbia on or before March 1, 1921, and to the Treasurer of the Commonwealth of Virginia on or before April 1, 1921.

10. The petitioner issues combined life, health, and accident policies, and, with the approval of the Superintendent of Insurance of the District of Columbia, as well as of the Commissioner of Insurance of Virginia, sets up a reserve using the premiums collected on such policies to provide a fund for claims thereon, said reserve being based on the company's experience for preceding years. The experi-

ence of the petitioner under its combined life, health and accident policies for the years 1914 to 1924, is and was as follows:

| Year | Premiums. | Sick and accident claims. | Ratio. | Average. |
|------|-----------|---------------------------|--------|----------|
| 1914 | $75, 611. 47 | $26, 010. 80 | 34. 4 | |
| 1915 | 267, 478. 24 | 111, 273. 26 | 41. 6 | |
| 1916 | 312, 381. 60 | 147, 888. 83 | 47. 34 | |
| 1917 | 328, 445. 36 | 121, 038. 22 | 36. 85 | |
| 1918 | 413, 129. 45 | 149, 345. 07 | 36. 15 | 39. 26 |
| 1919 | 583, 018. 83 | 185, 223. 64 | 31. 77 | |
| 1920 | 751, 488. 31 | 305, 853. 61 | 40. 7 | |
| 1921 | 778, 303. 97 | 384, 706. 27 | 49. 43 | |
| 1922 | 681, 000. 98 | 275, 404. 07 | 43. 64 | |
| 1923 | 577, 616. 28 | 239, 852. 27 | 41. 52 | |
| 1924 | 552, 727. 44 | 239, 468. 00 | 43. 32 | 43. 91 |
| Total | 5, 271, 210. 93 | 2, 186, 064. 04 | 41. 47 | 41. 47 |

11. When the petitioner was notified by the Commissioner of the proposed deficiency, it protested the same and submitted to the Commissioner that, if the amount claimed for accrued taxes in the year 1919 was disallowed, the amount disallowed should not be restored to net income but should be restored to the reserve necessary to protect the holders of combined life, health, and accident policies for which the amount of reserve set up during the year 1919 was insufficient, as shown by the experience of the petitioner during preceding years. The Commissioner disallowed the petitioner's contention.

12. For 1919 the petitioner increased its reserves by $100,000.71, which was allowed as a deduction by the Commissioner in computing net income. Of the amount of addition to reserves so set up and allowed $28,972.71 was upon account of the combined life, health, and accident policies.

13. The petitioner was required by the laws of the Commonwealth of Virginia and of the District of Columbia, and the regulations established thereunder, to render annual statements showing income and disbursements upon a cash basis and balance sheets upon an accrual basis.

14. Prior to 1919 petitioner made its income-tax returns upon the basis of cash receipts and disbursements.

OPINION.

PHILLIPS: The findings as set out in the first eleven paragraphs above were stipulated. Oral and documentary evidence submitted is the basis for the remaining findings of fact.

One of the principal errors alleged in the petition is that the Commissioner changed the basis of petitioner's returns from an accrual to a cash basis. Upon the hearing and in its brief the petitioner

contended that the returns filed were made in accordance with the method of accounting employed in keeping its books and should therefore not be disturbed.

It appears from the stipulated facts that, except for adjustments of nontaxable income, the Commissioner did not disturb the gross income reported in its return by the petitioner, nor did he disturb the deductions claimed, except that taxes accrued and death claims accrued but unpaid at the close of each taxable year are disallowed as deductions for such year and are allowed as deductions in the year in which paid. These adjustments are alleged by the petitioner to be erroneous.

There is nothing in the record from which we may determine the method of accounting regularly employed by the petitioner in keeping its books. Not only this, but we lack any evidence of the basis upon which the returns were made (except that the items in controversy were deducted as accruals) and any evidence that would prove that the returns filed were made upon the same basis upon which the petitioner kept its accounts. Such assumptions as we are able to make are based upon a comparison of the computations in the return with those in the deficiency letter and the stipulated fact that, by disallowing these two accruals, the income was placed by the Commissioner upon a " cash and disbursements basis."

It is reasonably clear that the gross income, at least, was reported by the petitioner in its return on the basis of cash received, and apparently the petitioner claimed as deductions in 1919 all expenses paid during that year and, in addition, death claims accrued but unpaid and taxes incurred on business transacted in that year which were not payable until the following year. If we understand the situation correctly, the result has been that in 1919 the petitioner has claimed as deductions taxes paid in 1919 on its 1918 business and taxes incurred in 1919 on its 1919 business; also unpaid death claims outstanding on January 1, 1919, and paid in 1919, as well as those unpaid on December 31, 1919. There has thus been a duplication of deductible items caused by the fact that prior to 1919 income-tax returns were made by the petitioner on a cash receipts and disbursements basis, with adjustments for reserves. Clearly the basis used by the petitioner in 1919 distorts its income to the extent that there is a deduction in that year of taxes incurred on the business of two years and of death claims unpaid at both the beginning and end of the taxable year.

There is in the record considerable evidence of the basis on which reports are required to be made to the insurance departments of the Commonwealth of Virginia and of the District of Columbia, in which the petitioner operated, but, as stated before, no evidence of the method of accounting employed by the petitioner in keeping its

books.  The evidence concerning the reports to the insurance departments is to the effect that payments and disbursements must be shown upon a cash basis, and assets and liabilities upon an accrual basis.  No profit and loss statement upon an accrual basis is required. The form of these reports is not such as to lead us to assume that the books of the petitioner are kept upon an accrual basis.  Such assumptions as we can draw from the record would indicate that the petitioner seeks to report its income upon the basis of cash receipts and disbursements, with adjustment in the deductions for taxes accrued and unpaid death claims.  The contention is that these accruals must be set up in the balance sheets filed with the insurance departments for the purpose of showing the true financial condition of the petitioner.

We have no doubt that this is so, but it also appears that in such balance sheets the petitioner would be required to set up accrued but uncollected income, such as premiums and interest, and also accrued but unpaid liabilities for commissions, salary, interest and any other such accrued liabilities.  The petitioner seeks to report its income upon a cash receipts and disbursements basis with adjustments for only two items of such accruals.  This hybrid method of reporting income is not reflective either of correct income or of the progress of the company as shown in its reports to the insurance departments.  While it may well be that the cash receipts and disbursements basis adopted by the Commissioner does not reflect the income as accurately as would an accrual system, it appears that it more nearly reflects income than the system for which the petitioner contends.  Without any proof of the basis on which the books were kept, or of the adjustments which would be necessary to more nearly reflect the correct income, we must approve the Commissioner's determination.  See *United States* v. *Mitchell*, 271 U. S. 9; *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79; *Appeal of Henry Reubel*, 1 B. T. A. 676; *Appeal of Estate of E. T. Earl*, 4 B. T. A. 322.

At the beginning of 1919 the reserves of the petitioner, as shown upon the balance sheet attached to its return, were $65,920.50.  During 1919 this was increased by $100,000.71, which was allowed as a deduction by the Commissioner in addition to claims paid of $304,-367.46.  Of the amount of the addition to the reserves so set up and allowed, $28,972.71 was upon account of combined life, health, and accident policies.  It is now contended that this was inadequate and that a larger amount would have been added except that the financial condition of the company would not permit it without showing a deficit, and that we should now increase the amount.  Section 234 (a) (11) of the Revenue Act of 1918 provides that in the case of companies issuing such policies there shall be allowed as a deduction "such portion of the net addition (not required by law) made

within the taxable year to reserve funds as the Commissioner finds to be required for the protection of the holders of such policies only." The petitioner computes the deduction which it now seeks as follows:

Gross premiums received _____ $538, 018. 33

Ratio of premiums to reserve as indicated by previous experience (per cent) _____ 39. 26

Necessary reserve ($538,018.33 by 39.26) _____ 228, 834. 89
Payments during year_____ 185, 223. 64

Net addition_____ 43, 611. 25

The law permits the deduction only of an addition made to a reserve and it may be doubted whether any deduction could be allowed where, as here, the addition which it is sought to deduct has not been made. However that may be, the computation discloses that the losses paid and the addition to the reserve totaled 36.74 per cent of the premiums received. This is slightly in excess of the ratio established by the losses of the preceding two years. Whether the petitioner should use a ratio of 36.74 per cent, based on two years' experience, or 39.26, based on five years' experience, was a matter which rested, to some extent at least, in the discretion of the officers of the petitioner. Furthermore, the amount to be added to the reserve may well have been affected to some degree by an examination of the balance sheets to determine whether the reserves set aside in previous years had been adequate or inadequate. Nor are we impressed with the argument that a greater reserve would have been set up had the financial condition warranted it, for it appears that in March, 1920, the petitioner paid dividends of $20,000 to its stockholders, only a small portion of which were paid from 1920 earnings. The determination of the Commissioner must be approved.

> *The deficiencies for 1919 and 1920 are redetermined to be $6,028.96 and $1,301.77, respectively. Order will be entered accordingly.*