BRUNO O. A. DE PAOLI, EXECUTOR, ESTATE OF LOUIS DE PAOLI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7978. Promulgated September 24, 1927.

*George H. D. Foster, Esq.*, for the petitioner.
*Arthur H. Fast, Esq.*, for the respondent.

Deficiency in income tax of $19.26 for 1920, $2,469.01 for 1921, and an overassessment of $506.41 for 1922. The petitioner claims the right in determining the net income of the partnership of which the decedent was a member, to deduct a percentage of the partnership earnings by virtue of a contract obligation to pay said percentage to employees as compensation for services.

#### FINDINGS OF FACT.

1. The taxpayer and one Kelly as partners did business during the year 1920 and during the year 1921 until June, when said Kelly died.

2. In December, 1919, the partnership made a legal and binding contract with two of its employees to pay each of them wages of $40 per week, and an additional sum equal to 25 per cent of the net profits of the business after deducting 10 per cent interest for the capital invested by the partners.

3. The two employees duly performed the contract on their part.

4. Five hundred dollars of the amounts due each of the employees was paid in December, 1920, on account, and further payments were not made at that time, because the amount of the profits had not been determined.

5. Thereafter the taxpayer, as surviving partner, refused to pay the balance of said compensation although admitting it to be due, solely on the advice of counsel.

6. The reason for such advice of counsel was that Kelly had died and his legal representative questioned the fact of the said partnership agreement with its employees.

7. Each of said employees began actions at law in the Supreme Court of the State of New York in December, 1921, to recover the balance of said compensation.

8. All parties in interest, including the legal representative of said Kelly, were parties to said actions.

9. Said actions were duly tried and judgment therein duly rendered on June 20, 1922, in favor of each of the plaintiffs, for the sum of $13,071.11.

10. Each of said judgments was duly and promptly paid.

11. The taxpayer's 1920 income-tax return was rendered on a cash basis.

12. The taxpayer's 1921 income-tax return was rendered on a cash basis.

### OPINION.

STERNHAGEN: The foregoing findings of fact, with the exception of findings 11 and 12, are those proposed by the petitioner, and are amply supported by the evidence. There is no doubt from the evidence that the partnership of de Paoli & Kelly incurred the contract obligation to pay to each of the two employees 25 per cent of the partnership profits after subtracting an amount equal to 10 per cent upon the partnership investment. From the official proceedings contained in the judgment roll of the Supreme Court of New York in each of the lawsuits brought by the employees to enforce this obligation, it appears that partnership capital account was $30,845.27, and that the profits for 1920 after deducting said 10 per cent amounted to $32,511.80, and for 1921 to $31,875.70. The judgment of the court in those proceedings establishes that the liability existed in respect of the profits of those years.

Although petitioner's counsel was clearly and definitely put upon notice at the trial before the Board that the right to the deduction was materially affected by the question whether, under section 212 (b), the accounts were kept on the cash basis or on some other basis, he

nevertheless failed to make the proof. On the other hand, the respondent introduced in evidence the original individual returns of the decedent, and it appears that the 1920 return is expressly stated to be upon a cash basis, and the 1921 return, while making no express statement in this respect, appears to be upon the same basis. There is not a scintilla of evidence as to the accounting method of the partnership or the basis of its returns.

That a taxpayer who consistently makes his returns upon the basis of income actually paid, may not at the same time so far depart from the adopted method as to deduct some items not actually paid and thus distort his income for a single year and reduce his tax, should be plain, and has been frequently decided. *United States* v. *Mitchell*, 271 U. S. 9; 5 Am. Fed. Tax Rep. 6008; *Henry Reubel*, 1 B. T. A. 676; *Atlantic Coast Line R. R. Co.*, 2 B. T. A. 892. Here the amount was not paid until 1922, and in the absence of any evidence as to the partnership basis and the apparent cash basis of the decedent, it may not be deducted in 1920 or 1921.

As to 1922, no deficiency has been determined by the respondent, and the Board is without jurisdiction of that year. *Cornelius Cotton Mills*, 4 B. T. A. 255. The determination of the respondent must therefore be sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LANSDON and ARUNDELL.