Booth, Judge,
delivered the opinion of the court:
The plaintiff is the sole surviving executor of the estate of. James E. Mooney, deceased. Mr. Mooney died on September 15, 1919. His estate became liable for a Federal estate tax in the sum of $341,371.47. The plaintiff as executor of said estate filed the estate’s income-tax return for 1920 on March 14, 1921. In stating gross income and allowable deductions therefrom the plaintiff did not deduct the amount of the estate tax. The reported net income for the year 1919-20 was $169,889.86, upon which a tax was assessed and paid of $60,657.21. If the item of $341,371.47, the estate tax, is deductible, the estate was not liable for the income tax of $60,651.21 paid, and it is for the recovery of this amount that this suit is brought. The estate tax is a deductible item under section 214 (a) (3) of the revenue act of 1918 (40 Stat. 1067). United States v. Woodward, 256 U. S. 632. The commissioner refused a refund claim for the amount of the income tax stated above, on the ground of the system employed by the plaintiff in keeping the estate’s books of account, sustaining the right to do so on an alleged showing that the same had been kept on a cash and disbursements basis. This holding is supported by the decision of the Supreme Court in United States v. Mitchell, 271 U. S. 9. There is at least one pointed difference between the facts in the Mitchell case and the present one. The plaintiff in this case, prior to September 15, 1920, during the course of the administration of the estate, and before filing the estate’s income-tax return, applied to the commissioner for an extension of time in which to pay the estate tax. The commissioner granted the application upon the condition that *100 interest must be paid upon the total amount of the tax due until it was paid. This was acceded to, the time of payment extended twice, and the accumulated interest duly paid. The commissioner declined to refund.
We think this case falls within the decision of the Supreme Court in the Mitchell case, supra, as the amount of the estate tax was not in fact charged against .the estate upon the books of the plaintiff until the dates when it was paid and the commissioner allowed the deduction for the 1921 payment. Under this decision the plaintiff is entitled to the deduction for the 1922 payment. The extension of time within which to pay was a privilege to plaintiff; and while it paid interest upon the deferred payments, this fact alone does not seem to except the case from the decision of the Supreme Court in the Mitchell case. We believe the plaintiff is not entitled to recover. The petition will be dismissed. And it is so ordered.
GRaham, Judge; Moss, Judge; and Campbell, Chief Justice, concur.