## ECKERT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 333.

Circuit Court of Appeals, Second Circuit.

June 2, 1930.

Dunmore, Ferris & Dewey, of Utica, N. Y. (Henry T. Dorrance, of Utica, N. Y., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dewitt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The petitioner was engaged in business, prior to 1922, with a partner, under the firm name of Electric Refrigerator Company. In 1922 they incorporated the business under the name of Electric Refrigerator Company, Inc., which acquired the assets and assumed the liabilities of the partnership, including promissory notes of $25,419.65 payable to a bank for money loaned to the partnership.

The bank accepted notes executed by the corporation for the partnership notes and later several additional notes for money loaned, amounting to $19,375.25, were given to the bank. All the notes issued by the corporation in favor of the bank were indorsed by the petitioner and his former partner.

In September, 1925, the bank demanded payment, and subsequently the corporation discontinued business and was dissolved; its assets being insufficient to pay the amount due on the notes in excess of $600. This left a balance of $44,800, for which the petitioner and his partner delivered to the bank a joint note of $44,800 in settlement of this liability as indorsers of the corporation's notes and in return received the corporation notes marked "Paid." The notes thus given were not paid in 1925, and there was no cash transaction in connection with the making and delivery of the notes.

The petitioner filed his return for the year in question on the basis of cash received and disbursed. The respondent declined to allow any amount of the note as a deduction from gross income, for the reason that no cash payments had been made on the notes during the taxable year. The Board of Tax Appeals affirmed this ruling.

A taxpayer keeping his books or doing business on a cash received and disbursed basis can only deduct items actually paid in cash during the year. The Revenue Act of 1924, § 212 (43 Stat. 267, 26 USCA § 953) provides: "(a) In the case of an individual the term 'net income' means the gross income as defined in section 954 of this title, less the deductions allowed by sections 937 and 955. (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." Section 214(a) of the same act (26 USCA § 955) provides that in computing net income there shall be allowed as deductions: "(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business; * * * (7) Debts ascertained to be worthless and charged off within the taxable year. * * *"

It is essential that the taxpayer make his return on a basis that clearly reflects the true net income, and to that end the Commissioner has properly recognized two systems of accounting—(a) accrual system and cash accrual; and (b) cash receipts and disbursements. Under the accrual method, the taxpayer returns as income all items of income receivable, whether actually received or not, and deducts items of expense for which liability is incurred whether he has actually paid them or not. But, when his method is on a cash receipt and disbursement basis, he need only report income received in cash, and is allowed to deduct items of expense actually paid or losses actually sustained. The taxpayer may not employ one method in accounting for income derived and the other in making the authorized deductions for the purpose of ascertaining his net income which is subject to taxation. American Nat. Co. v. United States (1927) 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946; United States v. Mitchell (1926) 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799; United States v. Anderson (1926) 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. While here the petitioner says he kept no books, still, in filing his return, he indicated a cash receipt and disbursement basis, and the Commissioner was authorized to require him to account for the loss of the transaction here involved in a manner consistent with the cash receipt and disbursement method of accounting.

On this basis, petitioner did not lose by reason of his indorsement or assumption of a corporation's obligation to the bank by issuing his own note. His liability on the corporation's note arose by reason of the indorsement, and, when he sustains a loss, it must be attributable to that alone. That loss will be realized and may be recognized when payment of the note or part thereof is made in cash. Osterloh v. Lucas (1930) 37 F.(2d) 277 (C. C. A. 9). The giving of a note does not constitute a cash payment. The obligation to pay the amount of the note may be as binding, for instance, as payment of taxes, but it has been determined that a taxpayer on a cash received and disbursed basis cannot deduct taxes before they are actually paid. United States v. Mitchell, supra. Nor can a taxpayer, who subscribes to a charitable fund, deduct the subscription until he has paid it. Mann v. Commissioner, 59 App. D. C. 103, 35 F.(2d) 873. The taxpayer not having sustained a loss because he did not pay the note or any part thereof in the year 1925, the Commissioner properly held that he was not entitled to this deduction. Nor is the taxpayer entitled to a deduction under clause 7 as a debt ascertained to be worthless and charged off during the year, because the debt was worthless when the taxpayer acquired it.

Order affirmed.