LittletoN, Judge,
dissenting in part: I am of opinion that this court has jurisdiction of the cases mentioned in group 2, namely, C-1007, C-1008, C-1021, and C-1325. They are corporations under the laws of Belgium having their principal place of business in that country and having no office, agency, or place of business in the United States.
But for the suits-in-admiralty act of March 9, 1920, this court would have jurisdiction of all the cases involved herein under section 145 of the Judicial Code. Section 2 of the admiralty act provided that suits against the United States “ shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found.” It seems to me that inasmuch as the suits-in-admiralty act does not give the companies mentioned a right of action in the district court the act did not repeal section 145 of the Judicial Code insofar as it authorized a suit by such corporations, or persons similarly situated, against the United States in this court.. I do not think that section 145 of the Judicial Code is inconsistent with the suits-in-admiralty act to the extent that said section authorizes a! suit against the United States by persons *379 situated as are the corporations above mentioned on claims of the character here involved. This question was not urged or considered in any of the cases which have been decided by the Supreme Court. It was not considered or discussed in the Matson Navigation Company case. United States v. Mitchell, 271 U.S., 9, 14. I do not believe, therefore, that this question has been settled by any of the decided cases.
Booth, Chief Justice, concurs in the foregoing statement by Judge Littleton.