Green, Judge,
delivered the opinion of the court:
This suit is brought by the plaintiff to recover $175 “ more or less ” representing the difference in pay between a lieutenant, junior grade, and a lieutenant, from September 21,1918, to December 29, 1918.
It appears from a stipulation of the parties that the plaintiff, on December 5,1917, was given a provisional assignment of lieutenant, junior grade, in the Naval Coast Defense Reserve, United States Naval Reserve Force, and was called to active duty on December 20,1917. On December 12,1918, he was advised that he was given a provisional assignment of rank and grade of lieutenant, to rank from September 21, 1918, and received an assignment thereto dated December 1, 1918. Plaintiff accepted this assignment and took the oath of office on December 29, 1918. Presumably he entered upon the duties of this position, although the stipulation simply states that he was relieved from active duty on January 27, 1919. This suit is begun to recover pay alleged to be due the plaintiff, but the stipulation does not state how much he has been paid. The petition, however, alleges that plaintiff received “ the pay of said provisional promotion only from the date of acceptance ”, and it seems to be conceded in the argument on behalf of the defendant that he has not been paid from the date of the assignment. There are therefore two issues in the case: First, as to whether the plaintiff is entitled to pay from the date when he took the rank of lieutenant, namely, September 21, 1918; and, second, if he is not entitled to pay from the date of his rank, whether he is entitled to pay from the date of his assignment to that position.
The case presents the question of whether an officer in the Naval Coast Reserve, holding a provisional assignment, who is given an assignment to a higher grade which specifies he is to rank from a certain date, is entitled to pay for the period between that date and the date of the assignment, or merely from the date of the assignment.
*798 It is urged on behalf of the plaintiff that the case is similar in all particulars and respects to that of MacInnis v. United States, 75 C.Cls. 538, in which the plaintiff was awarded judgment. We think it must be conceded that so far as the' application of the law to the facts in the respective cases is concerned, the cases are similar. An examination of the record and argument made in the Maclnnis case, however,, will show that the defense set up in the case at bar, namely, that under a proper construction of the statute plaintiff is-only entitled to pay from the date of his assigmnent, was not raised either directly or indirectly in the MacInnis case,. and the question now raised in the case at bar was not considered by the court in deciding the former case.
The instant case turns on the construction of the act of May 23,1930, 46 stat. 375, which provides as follows:
“That the assignments of provisional ranks, grades, or ratings heretofore made to members of the Naval Reserve-Force or Marine Corps Reserve, including the assignments of higher provisional ranks, grades, or ratings than those-first assigned, are hereby validated and shall be conclusive-for all purposes, from the dates of such assignments.”
The defense presented in the Maclnnis case, as stated in defendant’s brief, was that the plaintiff was “not entitled to the pay and allowances of the higher provisional rank for the reason that he was neither retired nor transferred after he had been notified that he was advanced to the higher provisional rank of lieutenant in the Naval Reserve Force.”
There was considerable argument and discussion as to the meaning of the word “ validated ”, as used in the act above-set out, and reference was made to a report of the committee-accompanying the bill which subsequently became an act. in the form above stated, and also to the letter of the Secretary of the Navy, but no claim was made that the words. “ from the dates of such assignments ” limited the validation and fixed the time when the assignments would be “ conclusive for all purposes.”
The act of August 29, 1916, 39 Stat. 587, placed certain limitations on the promotion of members of the Naval Reserve Force to a higher rank therein. It is not necessary *799 that tlie requirements made by tliis act for the appointment, •commission, or promotion in the Naval Reserve Force be set out here. It is sufficient to say that doubts had arisen .as to the validity of some of the appointments. A bill was therefore introduced that subsequently became the act of May 23,1930. This bill was entitled as one “ For the relief of retired and transferred members of the Naval Reserve Force, Naval Reserve, and Marine Corps Reserve ”, and it is upon this title of the bill that the argument in the Maclnnis case was based. The report of the committee on the bill shows that its purpose, among other things, was to validate the assignment of provisional ranks, grades, or ratings made to members of the Naval Reserve Force. This purpose was earned out by the act of May 23, 1930, above :set forth, which validated these assignments. As stated above, the argument presented by defendant on the Maclnnis case was confined to the question of whether the bill applied to any members of the Naval Reserve Force except those who had been retired and transfei*red. In the Maclnnis case we held that the assignments which were “ validated ” by the act were not confined to those mentioned in the title of the bill, and, as no other defense was set up, judgment was rendered for the plaintiff, without considering the other language of the bill which qualified and limited the word “ validated.”
The facts in the Maclnnis case disclosed that the Secretary of the Navy construed the act of May 23,1930, as entitling the ■officer to pay and allowances of a lieutenant from the date stated in the assignment, i.e., July 1, 1918, from which he was to rank, rather than from the date of acceptance of the assignment, i.e., December 20, 1918, and the amount thereof in the sum of $256.88 was duly paid to him. This amount was subsequently disallowed by the General Accounting Office and deducted from the officer’s pay for a subsequent period on the ground that the act in question applied only to members of the Naval Reserve Force, who had been retired or transferred. In view of this departmental interpretation of the validating statute, which was entirely remedial in character, the court did not consider or discuss the question di *800 rectly presented, in the case at bar which was not made an issue by the defendant in the MacInnis case (Webster v. Fall, 266 U.S. 507, 511; United States v. Mitchell, 271 U.S. 9, 14).
In deciding the issue herein it is necessary to determine the force and effect of the words “ from the dates of such assignments.” It will be observed that the statute first states that “ assignments of provisional ranks * * * are hereby validated ”; then, to make plain at what time the validation shall take effect, the statute next recites “ and shall be conclusive for all purposes, from the dates of such assignments.” (Italics ours.) The plain meaning of this language is that the validation takes effect on the date of the assignment and not before.
It is contended on behalf of the plaintiff that the words “ conclusive for all purposes ” apply to the time when the plaintiff was given his provisional rank and grade which was over two months before the date of his assignment. But when the statute is read as a whole, it is clear that it was not intended to be retroactive in its effect and that the argument for plaintiff in this respect is not well founded.
In both the MacInnis case and the case at bar the plaintiffs have relied largely on the opinion of this court in Lasher v. United States, 73 C.Cls. 699. What was said with reference to the Lasher case has some application to the question that was considered by the court in the MacInnis case, as one of the questions involved therein was whether the act of May 23, 1930, validated the assignment involved in the case, but the issue involved was altogether different from the one with which we are now concerned, and the decision does not in any way sustain plaintiff’s position. In Brown v. United States, 68 C.Cls. 734, we said: “ The assignment to the duty and the obligation to perform it are the touchstone of the right to pay.” So also in this case the statute made the right to receive pay depend on the date of the assignment and not upon the date as of which the plaintiff was given his rank.
What is said above shows, we think, clearly that the plaintiff is not entitled to receive pay from the date upon which he was given the rank of lieutenant; but there remains to be determined the question of whether he is en *801 titled to pay from tbe date of bis assignment to that position. We think that he is. The statute validated his assignment to provisional rank and further provided, as shown above, that this validation should “ be conclusive for all purposes ” from the date of such assignment. All purposes, we think, would include pay, but the state of the record is such that we still cannot determine whether anything is due plaintiff. Entry of judgment will be withheld pending the receipt of a report from the General Accounting-Office showing whether anything is due the plaintiff under the rules laid down in this opinion.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.