ARTHUR T. GALT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71103. Promulgated December 21, 1934.

*John M. Kelley, Esq.,* for the petitioner.
*J. R. Johnston, Esq.,* for the respondent.

OPINION.

ARUNDELL: This proceeding is for the redetermination of a deficiency of $5,306.78 in income tax for the calendar year 1930. The sole issue presented is whether petitioner is entitled to a deduction in the amount of $49,290 as " taxes paid " during the taxable year.

On account of an irregularity in the assessment rolls for Cook County, Illinois, petitioner was unable to determine the amount of his 1929 real estate taxes or to pay them to the county treasurer during 1930. However, he estimated the amount thereof by taking 60 to 75 percent of his 1928 real estate taxes and arrived at a total amount of $49,290. Petitioner deposited this amount with Burton R. Colbert & Co., a real estate firm that handled real estate mat-

ters for him, the deposit being made by petitioner's check dated December 31, 1930, and in the lower left-hand corner thereof he inscribed "To pay my general Cook County taxes for the year 1929."

A letter accompanying the check instructed Burton R. Colbert & Co. as follows: "This money you are to keep on hand intact to pay my real estate taxes in Cook County on my property in Cook County as shown in the list hereto attached and made a part of this agreement, showing the real estate pieces and amount to be paid on each piece, as soon as the bills can be obtained and the money paid over to the proper legal authorities either in full payment of taxes for the year 1929 or on account as the case may be." An acceptance of the funds for the above purpose was signed "Burton R. Colbert & Company, by Burton R. Colbert" and dated the same day, December 31, 1930.

The check was paid by the drawee bank January 2, 1931, and the money was deposited in a special account. During 1931 all the money, except $5,521.92, was applied against petitioner's 1929 real estate taxes in Cook County; the $5,521.92 was paid out in settlement of Florida real estate taxes for 1926, 1927, and 1928.

The petitioner reported on the cash receipts and disbursements basis and in his 1930 return deducted the $49,290 as taxes paid. This deduction was disallowed by the respondent, who determined that the deposit of this sum with Burton R. Colbert & Co. did not constitute payment of petitioner's taxes.

Where a taxpayer is on the cash receipts and disbursements basis, he is entitled to deduct only taxes actually paid. *Estate of Benjamin Piller*, 29 B. T. A. 799; *George C. Beidleman*, 7 B. T. A. 899.

The petitioner, being neither able to determine the amount nor make payment of his 1929 real estate taxes to the proper authorities in 1930, attempted to secure the deduction for these taxes in 1930 by depositing the estimated amount of his 1929 taxes with his real estate broker. The instructions accompanying the check were to pay the taxes "as soon as the bills can be obtained and the money paid over to the proper legal authorities * * *." He contends that, by turning the $49,290 over to his real estate broker, an irrevocable trust was created and that it is immaterial when the trust funds were received by the county officials.

Assuming, without deciding, that the deposit with the brokerage firm constituted the establishment of a trust, it still was not a payment of taxes. Section 23 (c) of the Revenue Act of 1928 contemplates a payment of taxes due to the tax authorities; it specifies "taxes paid", and payment is not made when a fund is placed in another's hands to be used to pay the petitioner's taxes. It is established that petitioner's taxes for 1929 were actually paid in 1931,

and this, in our opinion, is the controlling factor. Cf. *Morris Metcalf*, 16 B. T. A. 881.

In *United States* v. *Mitchell*, 271 U. S. 9, the Supreme Court stated that " It was not the purpose of the Act [1918] to permit income actually received to be diminished by taxes or other deductible items disbursed in a later year." This language is equally applicable to section 23 (c) of the 1928 Act.

*Decision will be entered for the respondent.*