BENNETT PROPERTIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102937. Promulgated November 13, 1941.

*James D. Benedict, Esq.*, for the petitioner.
*A. R. Shannon, Jr., Esq.*, for the respondent.

698

OPINION.

STERNHAGEN: The controversy, although argued more broadly, is the narrow one, whether the taxpayer, having kept its accounts generally on a cash system, is entitled to deduct taxes and mortgage interest accrued. This turns upon whether such accounting is a clear reflection of income. Petitioner has not changed its accounting method, for this is the first year of its operation of the buildings. The operation was unlike its established business and activities, and it had the right to keep its accounts relating to such new operations without regard to the method of keeping its accounts for the earlier business, so long as it maintained a clean separation which prevented confusion and resulted in a clear reflection of its entire income, *Morris-Poston Coal Co.* v. *Commissioner*, 42 Fed. (2d) 620; *Huntington Securities Corporation* v. *Busey*, 112 Fed. (2d) 368; *Joseph Stern*, 14 B. T. A. 838; *Elsie S. Eckstein*, 41 B. T. A. 746. The system used as to each separate business must, however, be consistent within itself. *United States* v. *Mitchell*, 271 U. S. 9; *Cecil* v. *Commissioner*, 100 Fed. (2d) 896, 902. It should be said that this recognition of the separate accounting systems is not due to any legal right or obligation of petitioner to carry forward the system which had been in use by the preceding owner of the buildings. When petitioner acquired the buildings, it might with propriety have fitted the accounts of their operations into its established system, and if this had been at variance with

the method previously used by the former owner it would not have been significant.

The system of accounting adopted by the petitioner was a permissibly separate and distinct system embracing the operations of the buildings. It is admitted to be generally a cash system with the exception of the two accounts of taxes and interest. These items were accounted for not when they were paid, but when they accrued and before they were paid. Plainly this is inconsistent and results in a distortion of annual income. The Commissioner was empowered to reject such a method and to disallow the deductions which brought about the distortion. *United States* v. *Mitchell, supra.*

*Decision will be entered for the respondent.*