HARRY M. STEVENS, Inc., Plaintiff-Appellee,

v.

James W. JOHNSON, Former Collector of Internal Revenue for the Third District of New York, Defendant-Appellant.

No. 15, Docket 24052.

United States Court of Appeals Second Circuit.

Argued Oct. 2, 1956.

Decided Nov. 9, 1956.

Frank A. Fritz, New York City (Bleakley, Platt, Gilchrist, & Walker, Horace N. Taylor, Bouvier Beale, Cyril Crimmins, and Frank A. Fritz, Jr., New York City, on the brief), for plaintiff-appellee.

Morton S. Robson, Asst. U. S. Atty., Southern Dist. of New York, New York City (Paul W. Williams, U. S. Atty., S.D. N.Y., New York City, on the brief), for defendant-appellant.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

HINCKS, Circuit Judge.

A Collector of Internal Revenue appeals from a summary judgment in favor of the plaintiff taxpayer in its action to recover that part of a surtax on "undistributed section 102 net income" which had allegedly been erroneously assessed under § 102 of the 1939 Code,[1] and thereafter collected.

The facts are not in dispute. In 1945 the taxpayer, whose accounts throughout had been kept on cash receipts and disbursement basis, incurred federal income tax liabilities of $142,660.64 and paid this sum in 1946. Its income tax liability for 1946 was $726,036.46 and this was paid in 1947 except for $24,396.00 which was paid in 1949. In 1949 the Commissioner assessed and collected a § 102 surtax against the taxpayer for the year 1946 in the amount of $565,070.70 plus interest. In computing the amount of

1. In this opinion all references to the "Code" are to the Code of 1939 unless otherwise specified and the references to Section 102 are to Section 102 of the 1939 Code.

the plaintiff's undistributed section 102 net income for 1946, the Commissioner took the plaintiff's section 102 net income, as defined in § 102(d) (1), to be its net income for 1946 minus its 1945 taxes (which had been paid in 1946).

The plaintiff concedes that it was liable for a Section 102 surtax. But it contends that § 102(d) (1), defining " 'section 102 net income' " as "net income * * * minus * * * [f]ederal income * * * taxes * * * paid or accrued during the taxable year," required the subtraction of taxes *accrued* during 1946, and that since these taxes exceeded the 1945 taxes deducted by the Commissioner, it is entitled to a refund in the amount by which the § 102 surtax for 1946 would have been reduced if the Commissioner had subtracted the plaintiff's 1946 income tax accrued rather than the 1945 income tax paid. On cross motions for summary judgment, Judge McGohey, in an opinion reported at D.C., 115 F.Supp. 310, granted the plaintiff's motion and awarded it $266,061.41 plus interest. The only question presented on this appeal is whether in the determination of the section 102 net income for 1946 the Commissioner should have subtracted from 1946 net income the 1946 income tax accrued but not paid in 1946, instead of the 1945 income tax which was paid in 1946.

The statutory objective of § 102 of the Code is, as Judge McGohey stated and as the parties concede, to force improper accumulations of each year's income out of the "incorporated pocketbook" of business corporations and into the hands of stockholders where they will be taxable, by the imposition of a penalty tax on the amounts accumulated.

Section 102 is in Chapter 1 of the Code, which also includes § 48. The latter section provides: "When used in this chapter * * * [t]he terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part." The Commissioner's action in this case was plainly in accord with the letter of this provision: the plaintiff's accounts were kept on a cash basis and the Commissioner subtracted the income taxes *paid* in 1946. The plaintiff urges that "paid or accrued" in § 102 should have the meaning attributed to the phrase when used in the personal holding company sections of Chapter 2 of the Code. 26 U.S.C.A. § 500 et seq. (1939). It points to the cases holding that, for purposes of the personal holding company surtax, even a cash basis taxpayer may deduct income taxes accrued, but not paid, in the taxable year. Joan Carol Corporation v. Commissioner, 2 Cir., 180 F.2d 751; Aramo-Stiftung v. Commissioner, 2 Cir., 172 F.2d 896; Commissioner v. Clarion Oil Co., 80 U.S.App.D.C. 41, 148 F.2d 671, certiorari denied 325 U.S. 881, 65 S.Ct. 1575, 89 L.Ed. 1997. It argues that the Congressional history shows an intent that the same principles apply to personal holding companies and to corporations subjected to § 102 surtax, and that the legislative objective does not contemplate that a corporation, when subjected to the § 102 surtax, shall be penalized by a drastic surtax on moneys held to pay a tax already accrued which must be paid in the following year,—a result which seems especially unfair in cases in which the liability for accrued taxes is large in comparison with the amount of earnings retained in excess of legitimate business requirements.

If the decisional law were now in the state existing when the case was submitted to Judge McGohey we well might have affirmed on his lucid opinion below. However, in the intervening time the Supreme Court has announced its decisions in United States v. Olympic Radio & Television, 349 U.S. 232, 75 S.Ct. 733, 99 L.Ed. 1024 and Lewyt Corp. v. Commissioner, 349 U.S. 237, 75 S.Ct. 736, 99 L.Ed. 1029, holding that under § 122 of the 1939 Code, a taxpayer on an accrual basis could not, in computing its net operating loss for one year, deduct the amount of excess profits taxes which were paid in that year but which had accrued in an earlier year. In those cases, as here, the controversy concerned

an interpretation of the term "paid or accrued". In the Olympic Radio case, the court was concerned with the phrase as it appeared in § 122, which is a part of Chapter 1 of the Code: here we are concerned with the phrase as it is used in § 102 of the Code which is also a part of Chapter 1. In Olympic Radio the Supreme Court said [349 U.S. 232, 75 S. Ct. 735]:

"Section 41 states the general rule that net income shall be computed 'in accordance with the method of accounting regularly employed in keeping the books' of the taxpayer. 26 U.S.C.A. § 41.

"Section 43 provides that deductions and credits may be taken 'for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period.' 26 U.S.C.A. § 43.

"Section 48 provides, 'When used in this chapter * * * (c) The terms * * * "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part.' 26 U.S.C.A. § 48. This provision of § 48 would itself seem to be conclusive of the question, since § 122 is 'in this chapter', to use the language of § 48. And § 48, together with § 41 and § 43, seem to indicate that the words 'paid or accrued' have only one meaning throughout the chapter, not the changeable meaning which the taxpayer seeks to give them.

"We deal here with a deduction which one obtains not as of right, but as of grace. Deputy v. du Pont, 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416. The taxpayer has the burden to show that it is within the provision allowing the deduction. But the effort here made, if success-

ful, would cause 'paid or accrued,' as used in § 122(d) (6), to mean. something different than it does in other sections of the same chapter; and that would fly in the face of the express command of § 48."

The Court accordingly rejected the taxpayer's contention that it had "an option to take deductions on a basis that is inconsistent with the method of accounting which it employs." And it made the same holding in the Lewyt case. Under the constraint of these cases, we must reject the plaintiff's contentions in the case now before us.

It is true, as plaintiff points out, that the Olympic Radio and the Lewyt cases had to do with computation of a deduction from *net income* computed for purposes of the carry-back provisions of § 122, and did not directly involve the problem here, viz., the computation of "'section 102 net income'", which is defined as "the net income * * * *minus* * * * [f]ederal * * * taxes * * * paid or accrued during the taxable year". However, the rationale of Olympic Radio and the language from its opinion as quoted above require us to give the same meaning to "paid or accrued" throughout Chapter 1. The attempted distinction, therefore, does not remove the instant case from the scope of the Olympic Radio holding. And the plaintiff's assertion that in the case here there is absent a *need for uniformity* in the interpretation of "paid or accrued", even were it true, is irrelevant. For Congress by § 48 has commanded a uniform interpretation of the phrase as it appears throughout Chapter 1.

The plaintiff points to the exceptive clause in § 43 of the Code, which allows deductions to be taken "as of a different period" from that on the basis which "the net income is computed". But this exceptive clause is wholly irrelevant for present purposes. By its express terms it is applicable only when necessary "to clearly reflect the income", which in the context of the section means the "net income,"—not the "'section 102 net in-

'come' ". We find in the exceptive clause of § 43 no sanction for the proposition that a taxpayer, in order to reduce its liability for a section 102 surtax, may be accorded an option to change its customary accounting basis as to one or more of its liabilities whenever such a change will result to its advantage. Cf. United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 70 L.Ed. 799; Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725.

The taxpayer claims that unlike the carry-back provision of § 122 in Olympic Radio and Lewyt Corp., supra, this case concerns a "penalty" tax, and § 102 should be *liberally construed* in favor of the taxpayer. We agree that the Section 102 surtax is a penalty tax. Nevertheless it lay within the power of Congress to determine the amount and the incidence of the penalty. Sections 102 and 48 when read together in the light of Olympic Radio leave no room for the *liberal construction* for which the plaintiff contends. When a cash basis taxpayer is once found to be subject to a section 102 surtax the amount thereof is computed upon the " 'undistributed section 102 net income' " (§ 102(a)), which includes so much thereof as will be needed in a later year for the payment of all liabilities accrued, but not paid, in the taxable year. 49 Yale L.J. 171, 180.

If the result seems unduly harsh on a cash basis taxpayer, such as the plaintiff, the effect is due to the taxpayer's election to account on a cash basis. And of course the surtax would never have attached if the plaintiff had not subjected itself to a Section 102 surtax in contravention of the taxing policy. If, even so, the result is unduly harsh it was for Congress to make the change. United States v. Olympic Radio, supra. The provisions of the Code of 1954, Sections 531 et seq., which touch this subject-matter are applicable only to taxable years beginning after December 31, 1953. See Section 7851(a) of the Code of 1954, 26 U.S.C.A.

Reversed.