SHAFFA REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10105. Promulgated September 22, 1927.

1. A corporation receiving during the taxable year a part payment on a mortgage note acquired at a 20 per cent discount from its face value received income to the extent of 20 per cent of the amount of the payment.

2. The evidence is insufficient to show that the Commissioner was in error in failing to credit any part of an overpayment of tax for the fiscal year ending within the calendar year 1922 against a tax due upon the calendar year return for 1921.

*Benjamin Mahler, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

The petitioner complains against a deficiency of $609.26 for the calendar year 1921. There are two questions in issue: (1) Whether a payment received on account of amortization of a mortgage note acquired at a discount of 20 per cent of the face value includes part income or is wholly a return of principal, and (2) the proper credit for taxes paid.

### FINDINGS OF FACT.

1. The petitioner is a New York corporation.

2. During the years 1920, 1921, and 1922 it filed its returns on a fiscal year basis ended September 30. The basis of its return was changed by the Commissioner to a calendar year, which change was acceptable to the petitioner.

3. During the year 1920 the petitioner sold a building and received in part payment a second mortgage with a face value of $300,000. For the purpose of arriving at the profit or loss sustained from the transaction in 1920 the petitioner and the respondent agreed upon the market value of the second mortgage of $240,000. The mortgage was to be paid off at the rate of $20,000 a year.

4. During 1921 the mortgagor made a payment of $10,000, which was considered by the petitioner as a return of principal. The respondent held that since the mortgage was acquired for $240,000, or at a discount of 20 per cent from its face value, the petitioner realized income to the extent of 20 per cent of each installment payment made. He held that $2,000 of the $10,000 received in 1921 represented income and increased the petitioner's reported income accordingly.

5. For the fiscal year ended September 30, 1921, the petitioner paid on its income-tax return for such year a tax of $1,396.08. One-fourth of the income of such fiscal year was thrown into a prior

period for the purpose of arriving at the income for the calendar year 1920. Accordingly, one-fourth of the tax paid on such return, or $349.02, was applied against the tax due and payable for the calendar year 1920, leaving $1,047.06 as being unapplied tax paid for the fiscal year ended September 30, 1921.

6. For the fiscal year ended September 30, 1922, the petitioner paid upon its income-tax return for such fiscal year a tax of $1,563.52. One-fourth of the income shown for that fiscal year was placed by the respondent in the income of the calendar year 1921 and forms a part of the income of which the deficiency in tax is computed. The respondent this time did not take one-fourth of the tax paid for the fiscal year ended September 30, 1922, although he had taken one-fourth of the income and had taken one-fourth of the tax paid for the fiscal year ended September 30, 1921, and applied it against the prior year's income. The result is that the deficiency for the calendar year 1921 has not been reduced by any part of the tax paid by the petitioner for the fiscal year ended June 30, 1922.

OPINION.

SMITH: On the basis of the decision of the Board in *Corn Exchange Bank* v. *Commissioner*, 6 B. T. A. 158, and of the decision of the Supreme Court in *New York Life Insurance Co.* v. *Edwards*, 271 U. S. 109, the petitioner contends that no part of the installment payment of $10,000 on the mortgage received during the calendar year 1921 constituted income of 1921, but that the entire amount was a return of principal. It is the petitioner's contention that it could receive no income from the mortgage until it had received $240,000 representing its investment in the mortgage.

The decisions cited are clearly not authority for the contention made. In *Corn Exchange Bank*, *supra*, we held that the amounts by which bonds purchased at a discount were written up in each year did not represent accrued income within the year and that the bank was not required to return any income in respect of such a bookkeeping transaction. The *New York Life Insurance* case was of similar import. The amortization of discounts and premiums representing nothing more than bookkeeping transactions are not accrued income or deductible losses within the meaning of the taxing statutes. The situation in the case at bar is entirely different. The petitioner received a part payment on the mortgage note held by it. It is no more correct to say that the part payment was all a return of principal than it is to say that it was all a return of income. Since the Commissioner in computing the gain discounted the mortgage 20 per cent, only 80 per cent of the face value represented the basis for computing the gain upon the payments made on the mortgage. Each

payment made was a payment on the face of the mortgage, 80 per cent of which represented a return on the principal and 20 per cent a realization of discount or of income. Cf. *Ruth Iron Co.*, 4 B. T. A. 1151.

The petitioner complains that the respondent in determining the deficiency for the calendar year 1921 has not applied against that deficiency any part of the payment of the income tax for the fiscal year ended September 30, 1922. In argument the respondent contended that one-fourth of the tax paid upon the return for the fiscal year ended September 30, 1921, had been applied against the tax due upon the calendar year return for 1920 and three-fourths of the tax upon the return for the calendar year 1921, that due to a change in the practice of the respondent no part of the tax paid for the fiscal year ended September 30, 1922, was applied against the tax due for the calendar year 1921 but against taxes due for other periods. The evidence does not show whether this was done or not. Under section 284 (a) of the Revenue Act of 1926 the Commissioner has authority to credit an overpayment of any income, war-profits or excess-profits tax against any like tax due from the taxpayer. We are of the opinion that the evidence does not show that the Commissioner was in error in refusing to credit against the tax due for the calendar year 1921 any part of the tax paid for the fiscal year ended September 30, 1922.

Reviewed by the Board.

*Judgment will be entered for the respondent.*