**BLAIR, Commissioner of Internal Revenue, v. FIRST TRUST & SAVINGS BANK OF MIAMI, FLA.**

No. 5543.

Circuit Court of Appeals, Fifth Circuit.
March 25, 1930.

Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, and V. J. Heffernan, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., Mabel Walker Willebrandt, Asst. Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., on the brief), for petitioner.

P. Robert G. Sjostrom and Wm. S. Hammers, both of Washington, D. C., for respondent.

Argued before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

Respondent is a bank doing business in Miami, Fla., and as part of its business it makes and negotiates mortgage loans on real estate. In addition to the regular interest, it charges a fee of about two per cent. for services in connection with a loan, including its negotiation with others. When a loan is approved, the commission is deducted and the net amount paid to the borrower. Respondent keeps its books and makes its returns on the cash basis. Pending the payment or the further negotiation of a loan, the commission is carried on the books as a deferred liability. When a loan is discounted with others, or is paid, the commission is credited as having been earned.

The Commissioner of Internal Revenue determined deficiencies in income and profits taxes of respondent for 1920 and 1921, respectively, of $1,000.74 and $3,154, ruling that the commissions should be returned as income received at the time the loans were made to the borrowers. On appeal to the Board of Tax Appeals, the Commissioner was reversed.

It is plain that until the loan is paid or rediscounted the respondent has earned no profit, but has simply parted with its funds on the faith of the security. The commission is not actually received until respondent gets back what it has previously paid out plus the commission. The deduction of the commission from the face of the loan brings nothing into the coffers of the bank.

We concur in the ruling of the Board of Tax Appeals.

Affirmed.