## COLUMBIA STATE SAV. BANK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4253.

Circuit Court of Appeals, Seventh Circuit.

June 10, 1930.

924

Herman T. Reiling, of Chicago, Ill., for petitioner.

Allen H. Pierce, of Washington, D. C., for respondent.

Before ALSCHULER, PAGE, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The petitioner sought redetermination of its federal income and profits taxes for the years 1921 and 1922. Petitioner was a banker, a large part of its business being the making of real estate loans, and for these loans taking from the borrower notes with real estate mortgage security, charging the borrower not only interest on the loan, but a commission for its service in making the loan. This commission was usually deducted from the amount of the loan, and the balance paid the borrower. As opportunity presented, petitioner would sell the notes. For all the time in question petitioner's books were kept on the accrual basis; the commissions as earned being entered in its books as income or profit. Its tax returns for these years were made on this basis.

The facts found by the Board of Tax Appeals were stipulated, and appear in Columbia, etc., Bank, Petitioner, v. Commissioner of Internal Revenue, Respondent, 15 B. T. A. 219, where the opinion of the Board, contrary to petitioner's contentions, also appears.

In its petition for redetermination, petitioner asserts that its returns for these years, as respects these commissions, erroneously assume that the commissions accrued at the time of the making of the loans; whereas petitioner contends that the income or profit did not accrue at that time, but only if and when the loan was either repaid, or the notes sold at a price showing a gain over what petitioner paid out thereon; and petitioner insists that they should be treated as bank or trade discounts, as to which it has been held that no income was derived until collected or accrued. Appeal of Chatham & Phenix National Bank, 1 B. T. A. 460; Appeal of Bank of Hartsville, 1 B. T. A. 920.

We are of opinion that the Board very properly distinguished the facts here from cases where notes and securities are purchased at a discount, or such where banks discounted the interest in advance. In the instant case petitioner was acting in the two capacities of lender of the money and of loan broker. It charged its commission for the service of procuring the loan, and this was earned at the time the loan transaction was closed. Had the borrower received the full amount of the loan, and then paid the commission, or had it paid the commission independently of the loan, there could be no question but that it constituted income at that time, taxable as of that time even if on a cash basis.

If instead of paying cash the borrower gave his note for the commission, which was accepted and regarded as good, it would represent an earning then accrued and then taxable, if on the accrual basis. The note which petitioner took on making the loan represented not only the amount advanced the borrower, but also the amount of petitioner's commission. This, as well as the advance, was secured to be paid by the mortgage given, and drew interest from the date of the notes, and we can see no escape from the conclusion that it represented an accrued profit or income responding to every test for determining whether it is then taxable, where books are kept and tax returns made on the accrual basis.

Blair, Commissioner, v. First Trust & Savings Bank of Miami (C. C. A.) 39 F.(2d) 462, is clearly distinguishable by the there recited fact that "respondent keeps its books and makes its returns on the cash basis." And, further, as stated by the Board of Tax Appeals in passing on that case, the taxpayer's books treated the commission as unearned until such time as the notes were paid or sold. 11 B. T. A. 1034.

The reported opinion of the Board of Tax Appeals, as well as its conclusion and order, has our approval, and its order is accordingly affirmed.