944

HELVERING, Commissioner of Internal
Revenue, v. MARTIN–STUBBLE-
FIELD, Inc.

No. 9837.

Circuit Court of Appeals, Eighth Circuit.
June 13, 1934.

S. Dee Hanson, Sp. Asst. to Atty. Gen.
(Frank J. Wideman, Asst. Atty. Gen., and
Sewall Key, Sp. Asst. to Atty. Gen., on the
brief), for petitioner.

Bryan Wilson, of St. Louis, Mo. (James
V. Dunbar, W. Donald Dubail, and Charles
R. Judge, all of St. Louis, Mo., on the brief),
for respondent.

Before GARDNER, WOODROUGH, and
VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from an order of the
Board of Tax Appeals involving corporate
income taxes for the years 1927 and 1928.
The respondent is a Missouri corporation en-
gaged in lending money on real estate mort-
gages, and has its principal office and place
of business at St. Louis, Mo. Its books are
kept on the basis of cash receipts and dis-
bursements. In its "Unearned Commissions"
account at the end of the calendar years 1927
and 1928 appeared credit balances in the
amounts of $3,605.40 and $25,427.53, respec-
tively. These amounts were not reported by
the respondent as income in its returns for
those years. The Commissioner in determin-
ing the deficiencies involved in these pro-
ceedings included in the taxable income of
the respondent for the years 1927 and 1928
the amounts so credited to the "Unearned
Commissions" account.

The facts as stipulated and found by the
Board of Tax Appeals may be stated briefly.
When a borrower's application for a loan and
the security which he offers as collateral are
approved he executes his promissory note in
favor of the respondent for the amount of the
loan and a mortgage on certain real estate to
secure it. He then receives in return the
amount of the loan less 2 per cent., retained
by respondent as a commission for its serv-
ices, which is credited to the "Unearned Com-
missions" account on its books. When the
loan is repaid or the notes sold by the re-
spondent at a discount the commission is then
treated as earned, at which time the net
amount is determinable. The respondent
then makes a charge against the "Unearned
Commissions" account and a corresponding
credit is entered on the "Earned Commis-
sions" account.

The Board of Tax Appeals held that the
Commissioner erred in increasing respond-
ent's gross income by the amount of the com-
missions here in controversy, and redetermin-
ed the tax liability for the years 1927 and
1928 accordingly. The sole question present-
ed is whether the commissions so deducted
when the loans are made constitute taxable
income as of that year.

In Blair Commissioner v. First Trust &
Savings Bank (C. C. A.) 39 F.(2d) 462, the
identical issue involved here was presented to
the Circuit Court of the Fifth Circuit. The
court affirmed the order of the Board of Tax
Appeals holding that when the taxpayer's ac-
counts are kept on the cash receipts and dis-
bursements basis commissions deducted at the
time the loans are made do not constitute
taxable income until the notes are paid or
sold. In its opinion the court said: "It is
plain that until the loan is paid or rediscount-
ed the respondent has earned no profit, but
has simply parted with its funds on the faith
of the security. The commission is not actu-
ally received until respondent gets back what
it has previously paid out plus the commis-
sion. The deduction of the commission from
the face of the loan brings nothing into the
coffers of the bank."

It is evident that income from this source
is uncertain until the notes are paid or sold
before maturity. The evidence establishes
that it was respondent's practice to rediscount
these notes before the loans matured. It
seems clear, therefore, that the income actual-
ly earned could not be definitely ascertained
at the time the loan was made, but only when
the loan was actually repaid or the notes were
sold.

The petitioner relies upon Columbia State

Savings Bank v. Commissioner (C. C. A.) 41 F.(2d) 923, 924. In that case, however, the court observed that the taxpayer kept its books on the accrual basis, and it distinguished the cases as follows: "Blair, Commissioner, v. First Trust & Savings Bank of Miami (C. C. A.) 39 F.(2d) 462, is clearly distinguishable by the there recited fact that 'respondent keeps its books and makes its return on the cash basis,' and, further, as stated by the Board of Tax Appeals in passing on that case, the taxpayer's books treated the commission as unearned until such time as the notes were paid or sold."

The findings and conclusions of the Board of Tax Appeals find substantial support in the evidence, and its decision is affirmed.