## CLEAVER v. COMMISSIONER OF IN-TERNAL REVENUE.

### No. 9132.

Circuit Court of Appeals, Seventh Circuit.

Dec. 3, 1946.

Writ of Certiorari Denied April 7, 1947.

Malcolm K. Whyte, Herbert C. Hirschboeck, Warner H. Hendrickson, and Charles E. Prieve, all of Milwaukee, Wis., for petitioner.

Douglas W. McGregor, Asst. Atty. Gen., Helen Goodner, Asst. to Atty. Gen., J. P. Wenchel and Rollin Transue, Bureau of Internal Revenue, both of Washington, D. C., and Sewall Key, A. F. Prescott, and Louise Foster, Sp. Assts. to Atty. Gen., for respondent.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner, a taxpayer on a cash basis, seeks review of a decision of the Tax Court of the United States disallowing his deduction from income for interest paid in the year 1941, raising the question whether the interest deducted was paid in that year within the meaning of Section 23(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(b). Under that section interest paid by a taxpayer accounting on a cash basis is deductible in the year the interest is paid.

In 1941 the taxpayer gave to his bank promissory notes for $68,950, due at the end of five years. The bank charged interest in advance at the rate of 2¼ per cent, amounting to $7756.88, deducted that amount from the face of the note and credited it to a reserve account known as "interest or discount collected in advance." Each day it took from that account the amount of interest earned and credited it on its books to its earnings account. The bank credited to the taxpayer the net proceeds of the loan $61,193.12. No part of the notes was paid in the year 1941. The taxpayer deducted the item of $7756.88 as interest paid in the year 1941. The Tax Court held this deduction improper for the reason that no interest was actually paid in the year 1941 and approved the Commissioner's determination of a deficiency in income tax resulting from the deduction. The only question submitted to us is whether the evidence submitted to the Tax Court and reflected by its findings of fact supports a conclusion that the taxpayer, accounting for income taxes on a cash basis, did not actually pay any interest in the year 1941.

There is no question that, as between the parties and as a matter of mercantile law, the transaction between the taxpayer and the bank was completed at the time of the borrowing and the execution of the notes. In commercial practice the discount deducted was interest at the given rate on the face of the note from its date until maturity. From time immemorial it has been the custom of banks to make loans, deduct the interest included in the face of the note and credit the borrower with the remainder of the face of the note after deduction of the interest and treat the interest as paid in advance. Fleckner v. Bank, 8 Wheat. 338, 5 L.Ed. 631. But we are not called upon to decide a mercantile or contractual question as between the borrower and lend-

er or any question of the rights of the borrower or the lender or even of the rights of third parties against either the borrower or the lender. We are dealing with a revenue law. Our question is whether, under proper interpretation of the statute enacted by Congress, a taxpayer who is on a cash basis may deduct interest with which he has been charged but which will not be actually paid in cash until the note has been paid. That such is our inquiry is shown by Hart v. Commissioner of Internal Revenue, 1 Cir., 54 F.2d 848, 851, where the court said: "Federal taxing laws cannot be controlled by state statutes, or by rules of law governing decisions in state courts. Fidelity-Philadelphia Trust Co. v. Commissioner, 3 Cir., 47 F.2d 36, 38, wherein it is said: 'It is well settled that a state law cannot be given an effect for tax purposes which conflicts with the provisions of a federal revenue law and defeats the collection of the tax.'"

The governing principles have been announced in various authoritative cases. Thus in United States v. Mitchell, 271 U.S. 9, 12, 46 S.Ct. 418, 419, 70 L.Ed. 799, the court said: "It was not the purpose of the Act to permit gross income actually received to be diminished by taxes or other deductible items disbursed in a later year, even if accrued in the taxable year." In Massachusetts Mutual Life Insurance Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 77 L.Ed. 739, the court held that interest credited by a life insurance company to its policyholders in a certain year but not actually paid in cash could not be properly deducted from its income and announced: "It is settled beyond cavil that taxpayers * * * may not accrue receipts and treat expenditures on a cash basis, or vice versa." In Eckert v. Burnet, 283 U.S. 140, 51 S.Ct. 373, 374, 75 L.Ed. 911, the taxpayer had settled a loss by delivery of his promissory note which had not yet been paid. The court held that, inasmuch as payment in cash had not actually been made, it was not deductible, saying: "The petitioner says that it was definitely ascertained in 1925 that the petitioner would sustain the losses in question. So it was, if the petitioner ultimately pays his note. So was the tax considered in United States v. Mitchell, 271

U.S. 9, 12, 46 S.Ct. 418, 70 L.Ed. 799, but it could not be deducted until it was paid." In Helvering, Commissioner of Internal Revenue v. Price, 309 U.S. 409, 60 S.Ct. 673, 84 L.Ed. 836, the court said at page 413 of 309 U.S., 60 S.Ct. 673, 675, 84 L.Ed. 836: "As the return was on the cash basis, there could be no deduction in the year 1932, unless the substitution of respondent's note in that year constituted a payment in cash or its equivalent. There was no cash payment and under the doctrine of the Eckert case the giving of the taxpayer's own note was not the equivalent of cash to entitle the taxpayer to the deduction." In Keith v. Commissioner of Internal Revenue, 2 Cir., 139 F.2d 596, 597, interest had been credited but not actually paid in cash. The court declined to allow deduction of the interest, saying: "The taxpayer seeks to establish that there has been a 'constructive' payment of the $1,184.21 because the cash reserves applicable to the policies were diminished by the amount of the additional borrowing to pay the interest. But the same contention may be made where there is an additional borrowing from a broker to pay arrears of interest on hypothecated securities. There, as in the case of insurance policies, the borrower's equity is reduced by the amount of the accrued interest. In either case the original amount of interest remains unpaid though secured by the securities or the policies as the case may be." In Hart v. Commissioner of Internal Revenue, 1 Cir., 54 F.2d 848, the court said at page 852 of 54 F.2d: "It is inconsistent with the cash receipts and disbursement method of accounting that the petitioner be permitted to claim a deduction where there has been no actual payment of cash. This basis of accounting requires that he report only actual receipts and deduct only actual disbursements. The fact that the American Trust Company stamped the bill for interest 'paid' and entered the amount of the petitioner's note as a credit to interest on its books of account does not establish a cash payment entitling the taxpayer to a deduction for interest paid where his return is on a cash basis. If the note is never paid, the taxpayer has parted with nothing more than his promise to pay. A promise to pay is not cash, and a deduction from

344

interest is permissible only in the taxable year in which the taxpayer pays cash." This court has followed the same reasoning in Commissioner of Internal Revenue v. Central Republic Trust Co., 7 Cir., 75 F.2d 708. See also Blair v. First Trust & Savings Bank, 5 Cir., 39 F.2d 462; Helvering v. Martin-Stubblefield, Inc., 8 Cir., 71 F.2d 944. In the latter case the court announced: "It is evident that income from this source is uncertain until the notes are paid or sold before maturity. The evidence establishes that it was respondent's practice to rediscount these notes before the loans matured. It seems clear, therefore, that the income actually earned could not be definitely ascertained at the time the loan was made, but only when the loan was actually repaid or the notes were sold."

Here the undisputed facts show that the taxpayer actually paid no interest in the year 1941; that he promised to pay interest five years from that date and put the promise in writing in the form of promissory notes; that he was accounting for income upon a cash basis; that no cash payment had actually been made; and that, therefore, the deduction for interest paid was improper.

The decision is affirmed.