ISHMAEL S. O'DELL AND MARY J. O'DELL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56301. Filed June 20, 1956.

*Maurice E. Bishop, Esq.*, for the petitioners.
*W. Preston White, Jr., Esq.*, for the respondent.

594

## OPINION.

BLACK, *Judge:* As has been stated in our Findings of Fact, the petitioners were partners in the small loan business. That was their only business. It is not disputed that the books and records of the small loan businesses were kept on the cash receipts and disbursements basis, the partnership information returns of the small loan businesses were filed on the cash basis, and petitioners' joint income tax returns were filed on the cash basis. Also there is no dispute as to the gross amount of loans made by the small loan companies and their collections on these loans in each of the taxable years. These are correctly shown by the books and records of the small loan companies.

As has been stated in our Findings of Fact, the method used by petitioners in their small loan business was to first collect from a borrower the full amount of principal loaned him and thereafter, as the balance of the note was collected, this balance was carried into income. There is no dispute but that if this method of reporting income as used by petitioners was correct, then petitioners have correctly reported their income in each of the taxable years and there are no deficiencies. But respondent contends that this method used by petitioners was not correct.

While the deficiency notice does not disclose how the additions which were made to the income reported by petitioners in each of the taxable years were arrived at, the internal revenue agents' reports which were used by the Commissioner as a basis for his determinations of the deficiencies show that the additions to income in each of the taxable

**598**

years were arrived at by attributing a pro rata share of all collections made on small loans to earned fees, irrespective of whether or not the full principal of the loan had been collected. Petitioners concede that if respondent's method is correct, then the deficiencies are correct. Petitioners, however, vigorously deny that respondent's method is correct. Their contention is that petitioners being on the cash basis had a right under the applicable law and regulations to first collect the full amount of their principal before there was anything to return as income. They say they have fully complied with the law and regulations and have returned in each year their distributive shares of the earnings of the partnership small loan business.

The applicable sections of the Internal Revenue Code of 1939 to the issue which we have here to decide are sections 41 and 42, printed in the margin.[1] The following sections of Regulations 111, we think, are also applicable to the issue which we have here to decide:

SEC. 29.41–1. COMPUTATION OF NET INCOME.—* * * The time as of which any item of gross income or any deduction is to be accounted for must be determined in the light of the fundamental rule that the computation shall be made in such a manner as clearly reflects the taxpayer's income. If the method of accounting regularly employed by him in keeping his books clearly reflects his income, it is to be followed with respect to the time as of which items of gross income and deductions are to be accounted for. (See sections 29.42–1 to 29.42–3, inclusive.) If the taxpayer does not regularly employ a method of accounting which clearly reflects his income, the computation shall be made in such manner as in the opinion of the Commissioner clearly reflects it.

SEC. 29.42–1. WHEN INCLUDED IN GROSS INCOME.—(a) *In general.*—Except as otherwise provided in section 42, gains, profits, and income are to be included in the gross income for the taxable year in which they are received by the taxpayer, unless they are included as of a different period in accordance with the approved method of accounting followed by him. * * *

It should be borne in mind at the outset that we have here no case which involves the application of section 44 of the 1939 Code which deals with the installment basis of accounting and return of income, where the pro rata method of apportioning each payment between principal and profit is authorized. The Commissioner does not contend that section 44 of the Code has any application to the question which we have here.

---

[1] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

(a) GENERAL RULE.—The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * *

Also, it is perhaps appropriate to here point out that the Commissioner does not contend that when the small loan companies, which were being operated by the petitioners, loaned $25 and took a note for $29.50 in cases where the loan was to be paid in 1 monthly installment and a note for $33.60 where the note was to be paid in 6 monthly installments of $5.60 each, that the so-called unearned fees or commissions should be taken into income at the time the loan was made. The Commissioner recognizes that such cases as *Blair* v. *First Trust & Savings Bank of Miami, Fla.*, 39 F. 2d 462, affirming 11 B. T. A. 1034, would be against any such contention. In *Blair* v. *First Trust & Savings Bank of Miami, Fla.*, *supra*, the court said:

The Commissioner of Internal Revenue determined deficiencies in income and profits taxes of respondent for 1920 and 1921, respectively, of $1,000.74 and $3,154, ruling that the commissions should be returned as income received at the time the loans were made to the borrowers. On appeal to the Board of Tax Appeals, the Commissioner was reversed.

It is plain that until the loan is paid or rediscounted the respondent has earned no profit, but has simply parted with its funds on the faith of the security. The commission is not actually received until respondent gets back what it has previously paid out plus the commission. The deduction of the commission from the face of the loan brings nothing into the coffers of the bank.

The *Blair* v. *First Trust & Savings Bank of Miami, Fla.*, *supra*, case was followed by the Eighth Circuit in *Helvering* v. *Martin-Stubblefield, Inc.*, 71 F. 2d 944, affirming a Memorandum Opinion of the Board of Tax Appeals. In the *Martin-Stubblefield, Inc.*, case the books of the taxpayer were kept on the cash basis. In its "unearned commissions" account at the end of the calendar years 1927 and 1928 appeared credit balances in the amounts of $3,605.40 and $25,427.53, respectively. These amounts were not reported by the taxpayer as income in its returns for those years. The Commissioner, in determining the deficiencies involved in that case, included in the taxable income of the taxpayer for the years 1927 and 1928, the amounts so credited to the "unearned commissions" account. The court affirmed the Board of Tax Appeals which had reversed the Commissioner and had held that the "unearned commissions" were not taxable as income until actually collected where the taxpayer's books were kept on the cash receipts and disbursements basis.

While the Commissioner does not contend in the instant case that the unearned fees or commissions were income at the time the loans were made, he does contend a pro rata portion of each installment payment was taxable income at the time the collection was made irrespective of whether or not the full amount of the principal had been collected. Respondent cites no case which, in our judgment, supports his position. He cites in his brief a number of cases which he urges in support of his determination. We have read these cases but we fail to see where they support respondent. We think no pur-

pose would be served in taking up and discussing each of these cases separately.

Section 29.41-1 of Regulations 111 to which we have already referred says:

If the method of accounting regularly employed by him in keeping his books clearly reflects his income, it is to be followed with respect to the time as of which items of gross income and deductions are to be accounted for. * * *

We think the accounting methods used by petitioners in keeping their books and records on the cash basis clearly reflected their income from the small loan business.

As has already been noted, it was petitioners' practice to apply the payments which they received, first to the principal of the note, then to the unearned fees or commissions. This was in accordance with the provision contained in all the notes, which read: "It is hereby agreed any payments made on this note shall be applied first to the principal." Respondent does not contend that petitioners have failed to account for all commissions and fees collected in this manner. An inspection of the partnership information returns and joint returns which are in evidence convinces us that petitioners have carefully returned and paid taxes on all fees and commissions collected in the manner which they used in their books and records of their small loan business. We think there is no warrant either in the law or the regulations for the Commissioner to use the pro rata method which he has used in his determination of the deficiencies. Petitioners have been using the same method of accounting and return of income since they began the small loan business in 1946. While this fact would not estop the Commissioner from changing petitioners' method, if it is wrong, we are not convinced that it is wrong. The cases of *Blair* v. *First Trust & Savings Bank of Miami, Fla.*, *supra*, and *Helvering* v. *Martin-Stubblefield, Inc.*, *supra*, cited and relied upon by petitioners cannot be said to be exactly in point. We think, however, that the rationale of those cases supports the petitioners.

We sustain the method used by petitioners in reporting their income on the cash basis. The deficiencies determined by the Commissioner are not sustained.

*Decision will be entered for the petitioners.*