Earl A. PHILLIPS and Dorothy H. Phillips, his wife, Plaintiffs,

v.

William E. FRANK, District Director of Internal Revenue, Defendant.

No. 2464.

United States District Court
W. D. Washington, S. D.
June 20, 1960.

**350**

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., Charles H. Magnuson, Trial Atty., Washington, D. C., for defendant.

Allen A. Bowden, Seattle, Wash., for plaintiff.

BOLDT, District Judge.

Plaintiffs seek recovery of individual federal income taxes for the years 1955, 1956 and 1957 collected from plaintiffs by defendant as assessed by the Commissioner of Internal Revenue. Plaintiffs' accounting records were kept on the cash receipts and disbursements method. In the years in question plaintiffs received payments on real estate contracts or trust deeds owned by them. All of said contracts or trust deeds were purchased by plaintiffs in the years in question or prior thereto at a discount; that is at an amount less than the unpaid balance of the contract. A percentage of each contract payment, in the proportion of the total discount to the total unpaid contract balance, was treated by the Commissioner as discount income taxable as ordinary income. The sole issue presented is whether the Commissioner erred in such determination.

Plaintiffs contend that the payments received on each contract, less interest, constituted return of capital until plaintiffs' recovery of the amount paid by them for the contract, and that until such recovery no part of the contract payments was discount income. Defendant contends that each payment represents proportionately: interest, return of capital and discount income; the latter taxable as ordinary income.

Plaintiffs did not perform any services in the making of the contracts but only purchased real estate contracts negotiated by others. In each instance the price paid was an agreed percentage less than the principal amount due on the contract, the difference being the discount in question. It is universally recognized that interest is earned and becomes taxable income as paid from period to period, regardless of whether thereafter principal be repaid. There is no logical basis or legal authority justifying a different treatment of discount income. See CCH Standard Fed. Tax Reporter '60 Vol. 3 ¶28620.365 and .366, Vancoh Realty Co., 33 B.T.A. 918 and Shafpa Realty Corp., 8 B.T.A. 283 wherein it was said: "The petitioner received a part payment on the mortgage note held by it. It is no more correct to say that the part payment was all a return of principal than it is to say that it is all a return of income." See also Int.Rev. Bulletins (Treas. Dept. of Int. Rev.) Cumulative Bulletin IX–1 p. 123 I.I. 2526; and Cumulative Bulletin IV–2 p. 32 S.M. 3820.

The principle and method applied by the Commissioner in computing the taxes in question were correct. Findings of fact, conclusions of law and judgment to such effect may be submitted at the convenience of counsel.