MORTON LIFTIN AND SYLVIA LIFTIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82630.    Filed August 30, 1961.

*Morton Liftin*, pro se.
*Hubert E. Kelly, Esq.*, for the respondent.

OPINION.

KERN, *Judge:* The parties agree that where note obligations are purchased at a discount the receipt of the discount is ordinary income. The question here relates to the time when such discount income is realized and should be reported. Respondent contends that each payment on the principal should be allocated, part to a return of cost and part to discount income. Thus, if a note was purchased at a discount of 25 percent of face, 75 percent of each monthly payment on principal would, under respondent's method, represent return of cost, and 25 percent discount or ordinary income. Petitioner contends that he is entitled to apply all of the payments on principal to his costs until the full amount of his purchase money has been recovered and only thereafter should the principal payments be reported as ordinary income.

Petitioner cites as persuasive authority for his position the following cases: *Harris Trust & Savings Bank, Executor*, 24 B.T.A. 498; *Webster Atwell*, 17 T.C. 1374; *Ishmael S. O'Dell*, 26 T.C. 592; *Blair* v. *First Trust & Savings Bank of Miami, Fla.*, 39 F. 2d 462, affirming 11 B.T.A. 1034; *Helvering* v. *Martin-Stubblefield*, 71 F. 2d 944, affirming a Memorandum Opinion of this Court; and *Commissioner* v.

*Central Republic T. Co.*, 75 F. 2d 708, affirming a Memorandum Opinion of this Court.

Respondent, while conceding on brief that "There does not appear to be any decided cases factually on all fours with this case," cites as persuasive authority for his position the following cases: *Shafpa Realty Corporation*, 8 B.T.A. 283; *Victor B. Gilbert*, 6 T.C. 10; *A. B. Culbertson*, 14 T.C. 1421; and *Hatch* v. *Commissioner*, 190 F. 2d 254, reversing in part *May D. Hatch*, 14 T.C. 237.

After a consideration of the cited cases and also of the general statutory provisions (see *May D. Hatch, supra* at 242–243), we conclude that a rule of law applicable to the instant case may be stated as follows: Where a taxpayer acquires at a discount contractual obligations calling for periodic payments of parts of the face amount of principal due, where the taxpayer's cost of such obligations is definitely ascertainable, and where there is no "doubt whether the contract[s] [will] be completely carried out" (*Hatch* v. *Commissioner, supra* at 257), it is proper to allocate such payments, part to be considered as a return of cost and part to be considered as the receipt of discount income; but, conversely, where it is shown that the amount of realizable discount gain is uncertain or that there is "doubt whether the contract [will] be completely carried out," the payments should be considered as a return of cost until the full amount thereof has been recovered, and no allocation should be made as between such cost and discount income.

In the instant case the petitioner, who of course has the burden of proof, has shown to our satisfaction that the amount of realizable discount income to be derived from the contractual obligations here in question was uncertain. That the notes were highly speculative is evidenced by the substantial discounts (up to 45 percent) at which they were purchased, and the quality of the security which was junior to a first deed of trust (up to 60 to 80 percent of the selling price of the property). The evidence is that makers of the notes had but small equities in the properties covered by the deeds of trust because of their small cash payments to the sellers. When purchasing notes petitioner gave consideration to the length of time the loan was to run, to the holder's equity in the property, sometimes to his credit standing, and generally to the location and condition of the property covered by the trust deed after what he called "an outside inspection." During the few years in question about 19 of the 84 notes were disposed of, about half of them were disposed of by payment in full while the other half were disposed of by foreclosure, the acceptance by the petitioner of a deed, or the acceptance by the petitioner of less than face for an early payoff. It was petitioner's experience that the latter half of the notes so disposed of resulted in his receiving less than the face value of the notes.

We therefore decide the issue presented herein in favor of petitioner.

For the purpose of giving effect to other adjustments which have been conceded or were not placed in issue,

*Decision will be entered under Rule 50.*