Robert B. Riss and Georgina Riss v. Commissioner.
Riss v. Commissioner
Docket No. 3793-62.
United States Tax Court
T.C. Memo 1965-198; 1965 Tax Ct. Memo LEXIS 132; 24 T.C.M. (CCH) 1020; T.C.M. (RIA) 65198; July 21, 1965
*132 Robert L. Jackson, City National Bank Bldg., Kansas City, Mo., for the petitioners. Allan B. Muchin, for the respondent. DAWSON
Supplemental Memorandum Opinion DAWSON, Judge: On November 25, 1964, we filed our Memorandum Findings of Fact and Opinion [T.C. Memo. 1964-308] in this proceeding. An agreed decision was entered on March 4, 1965, in accordance with Rule 50. On April 23, 1965, the petitioners filed with leave of the Court their motion to revise the decision. On May 27, 1965, the Court vacated its decision of March 4, 1965, pending further consideration of the motion to revise the decision and directed each party to file a memorandum of points and authorities. The Riss family, including Robert, owned one-half of the stock of the Astor-Broadway Holding Corporation which they purchased on May 2, 1955. On January 18, 1957, the Risses agreed to sell their stock to Astor for the following consideration: Cash
$ 424,000.00
Cancellation of a Riss indebted-
ness
254,496.40
Installment note
1,100,000.00
Total
$1,778,496.40 This installment note carried a 6 percent interest rate and was to be paid over an eleven-year period. The Risses received *133 the following consideration in 1957: Cash
$424,000.00
Seven monthly payments
58,333.31
Cancellation of indebtedness
254,496.40
$736,829.71
In our memorandum opinion we concluded that (1) the cancellation of indebtedness was part of the initial payment which precluded the petitioner from reporting his gain on the installment basis, and (2) the $1,100,000 note had a fair market value of $858,000 in January 1957. In attempting to determine how the Risses should report the tax due on the note payments attributable to the excess over $858,000, the parties originally agreed that each payment received by the Risses on the note was for the purpose of retiring it, and under section 1232 of the Internal Revenue Code of 1954 petitioners were entitled to capital gain treatment on the amounts received. It was also agreed that each payment should be apportioned in a ratio of 858/1100. Thus, for every $100,000 received, $78,000 would be treated as a return of the amount on which a capital gain tax was already paid in 1957, and the $22,000 would represent additional gain on which tax would have to be paid at the time of receipt. Consequently, every *134 payment was apportioned between a return of the original fair market value and the additional profit. Petitioners now take the position that, instead of prorating each payment, they should first be allowed to collect the $858,000 on which they paid the tax and not report a gain on any additional amounts until after the $858,000 is received. They argue that the note payable over eleven years beginning July 1, 1957, could not possibly have been restored to full face value. We disagree with petitioners. There are several decisions of this Court involving similar issues. See Shafpa Realty Corporation, 8 B.T.A. 283 (1927), where we held that a payment received on account of amortization of a mortgage note acquired at a 20 percent discount was the receipt of income, rather than a return of capital, to the extent of the 20 percent discount. See also William A. Tombari, 35 T.C. 250 (1960), affirmed 299 F. 2d 889 (C.A. 9, 1962); and Darby Investment Corporation, 37 T.C. 839 (1962), affirmed 315 F. 2d 551 (C.A. 6, 1963). Petitioners rely on the cases of Burnet v. Logan, 283 U.S. 404 (1931); Morton Liftin, 36 T.C. 909 (1961), *135 affirmed 317 F. 2d 234 (C.A. 4, 1964); Phillips v. Frank, 295 F. 2d 629 (C.A. 9, 1961); and Willhoit v. Commissioner, 308 F. 2d 259 (C.A. 9, 1962). We think all of these cases are distinguishable because they involved investments of a highly speculative nature. We have previously found that Astor could pay this obligation and that the note did have a fair market value. In fact, the note was retired in five years. Moreover, we found that the security was adequate, based merely on Astor's financial position. Accordingly, the petitioners' motion to revise the decision will be denied, and An appropriate order will be entered.