GEORGE JAMES NICHOLSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE J. NICHOLSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 109954, 112307.   Promulgated April 10, 1944.

*Edgar W. Pugh, Esq.*, for the petitioner.
*Melvin S. Huffaker, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge*: Of these two cases, submitted at the same time, one assails a gift tax deficiency for 1940 and the other assails income tax deficiencies for 1937, 1938, and 1939. They involve different issues.

### Docket No. 109954. Gift Tax for 1940.

1. The gift tax deficiency for 1940 is based upon the Commissioner's determination that in the taxpayer's return for 1935, when the first gifts in the series were made, he had erroneously taken two $5,000 exclusions upon the gifts in trust for his two sons. This is based on the statement that the two gifts were gifts of future interests and therefore were not the subject of exclusions. Such determination as to the 1935 exclusions may properly be made in adjusting a 1940 deficiency. *Lillian Seeligson Winterbotham*, 46 B. T. A. 972. So the question is whether the 1935 gifts in trust were gifts of future interests. Clearly they were. In each trust the beneficiary had no present right to the income or the corpus. In the discretion of the trustee the income might be expended as she deemed expedient for his maintenance and education, but he had no right to it otherwise until he reached the age of thirty. This is enough to characterize the gift as a future interest within the revenue act and to preclude the exclusion. The determination on

this point is sustained. *United States* v. *Pelzer*, 312 U. S. 399; *Welch* v. *Paine*, 120 Fed. (2d) 141; *Commissioner* v. *Brandegee*, 123 Fed. (2d) 58; *Commissioner* v. *Gardner*, 127 Fed. (2d) 929; *Hutchings-Sealy National Bank of Galveston* v. *Commissioner*, 141 Fed. (2d) 422.

2. In determining the deficiency the Commissioner made no determination of value of the gift in 1935, but adopted the value of $49,710.78 which the taxpayer used in his return. In the petition (4 (b)), the taxpayer assigns as error that "The Commissioner has determined the total gifts made in 1935 to have been $49,710.78," but among the allegations of "fact" appears only (5 (b)), "Petitioner neither denies or admits this valuation to be correct, but asks for a determination of the true value of the gifts made." The answer denies the error and the allegation of fact, and alleges that the determination of the Commissioner is based upon the gross value reported in the petitioner's gift tax return for 1935.

By these pleadings no issue was raised. The petition, although purporting to assign error in the determination of value of the gifts (without specifying valuation) alleges no fact to support the assignment. Thus the petition as to this point was demurrable. Rule 6 (e) provides that the petition shall contain statements of facts upon which the petitioner relies to sustain the assignments of error. This is not complied with by the statement of the petition that, without admitting or denying the correctness of the valuation which petitioner had himself used, petitioner asks for a determination of the true value. Even if the valuation used by the Commissioner in the deficiency notice had not been a mere adoption of that found in the taxpayer's return and had been an independent valuation by the Commissioner, it could only be changed in a proceeding before this Court after the taxpayer assailing it had shown by evidence that it was in fact incorrect and had by evidence proved the correct value. No such evidence is in this record, so the valuation of $49,710.78 must be sustained both on the pleadings and on the evidence.

In Docket No. 109954, the Commissioner's determination of deficiency in gift tax for 1940 is sustained.

### Docket No. 112307. Income Tax for 1937, 1938, and 1939.

3. The taxpayer in each of the years 1937, 1938, and 1939 actually received $15,536.17, $8,764.33, and $13,645.36 from the Steel Co. pursuant to the 1931 contract whereby he sold his Lime shares. The amounts received were part of the 2 cents a ton consideration called "royalty" in the contract. This was a misnomer; these payments were not royalties. They were not payments to petitioner for the use of his land. They were part of the sale price of the shares. *Commissioner* v.

*Celanese Corporation of America*, 140 Fed. (2d) 339. See also *Burnet v. Logan*, 283 U. S. 404. The use of the word "royalties" by the parties to the sale does not operate to give the payments that character, since the evidence shows clearly that the word was used to describe the periodic payments of the sale price for the shares.

There is no dispute about the amounts which were received, and there is in this record no room for dispute of the Commissioner's determination that the cost or basis of the shares sold was entirely received in years before the tax years. The remaining basis was therefore zero and the entire amount received in each year was income. The taxpayer treated the amounts in his return as ordinary income. He now claims that the amounts received were not income, and makes an involved argument which refers back to 1931 and the valuation used by the revenue agent in the audit for that year, contending that there was recognition then that the contract right to receive the future periodic payments had value but that such value could not be ascertained. This, however, does not establish that the basis for the payments received in 1937, 1938, and 1939 had not been completely recovered in prior years, as it undoubtedly was. Hence the payments received in those years were all taxable.

The only question is whether they are taxable as ordinary income or as capital gain. Clearly they are capital gain, since, as we have seen, they are periodic payments for the property sold in 1931. Revenue Act of 1928, sec. 101.

4. Because the taxpayer, by reason of the gifts in 1935 to his wife and in trust for his sons of fractions of the payments to be made to him by Steel, failed in 1937, 1938, and 1939 to receive these amounts himself, he omitted them from the income reported on his returns. The Commissioner, in making the deficiency determination, added them to petitioner's income for those years, and the taxpayer protests. Since, as we are holding, all additional amounts of the periodic receipts were income classed as capital gains, the effect of the gifts is merely that of assignments of the right to receive future income. By this means the taxpayer no more escapes the burden of the tax than he would if he had assigned the right to receive future compensation for services (*Lucas* v. *Earl*, 281 U. S. 111) or the interest from retained bonds (*Helvering* v. *Horst*, 311 U. S. 112). There was no gift or assignment of a capital fund, as in *Blair* v. *Commissioner*, 300 U. S. 5, whereby the transferor taxpayer transferred the property source of the income as well as the income itself—the tree as well as its fruit. There was only a transfer of the "royalty," that is, of the forthcoming payments for the property, Lime shares, which the taxpayer had sold and the gain upon which was his when realized. The tax upon such gain he could not shift by an anticipatory assignment.

It must be held therefore that the taxpayer's income included not only the capital gain which he himself actually received from Steel, but also so much of the gain as was paid by Steel to his wife for herself and as trustee for the sons. These amounts are stipulated as $15,127.08 in 1937, $7,474.27 in 1938, and $12,528.18 in 1939.

In his brief the taxpayer for the first time suggests that the deficiency is barred by the statute of limitations. This was not pleaded and the evidence was not directed to an issue in litigation. The mere fact that the deficiencies were determined more than three years after the returns, which might serve as a prima facie case under proper pleadings, does not permit a reversal of the determination. Given a proper issue, the Commissioner might have proven a waiver or otherwise overcome the apparent applicability of the statute of limitations.

Reviewed by the Court.

*In both cases decision will be entered under Rule 50.*