MAY D. HATCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18140.   Promulgated February 16, 1950.

*John B. Whalen, Esq.,* for the petitioner.
*John J. Madden, Esq.,* for the respondent.

240

. OPINION.

TURNER, *Judge*: It is the contention of the petitioner that the $7,-923.30 received by her in 1941 and the $12,000 received in each of the years 1942 and 1943 under the contract between Frederic H. Hatch and Frederic H. Hatch & Co., which contract was acquired by her as legatee under the will of Frederic H. Hatch, were not income to her as determined by the respondent. It is her contention that the amounts in question constituted bequests, devises, or inheritances and are therefore specifically excluded from gross income by the provisions of section 22 (b) (3) of the Internal Revenue Code.[1] It is the claim of the respondent that, inasmuch as the amounts in question represent amounts received by petitioner in excess of $243,326.70, the amount at which the said contract was included in the estate of Frederic H. Hatch for Federal estate tax purposes, they represent income to petitioner within the meaning of the Internal Revenue Code.

It is provided in section 22 (a) of the code that " 'Gross income' includes gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, * * * or gains or profits and income

---

[1] SEC. 22. GROSS INCOME.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property;

derived from any source whatever." In the instant case the petitioner acquired the contract between Frederic H. Hatch and Frederic H. Hatch & Co., as sole legatee under the will of Frederic H. Hatch. As such legatee she was entitled to receive under the agreement for a period of ten years, beginning on the date of Hatch's death, $30,000 per year, plus 10 per cent of the net earnings of Frederic H. Hatch & Co., available for common stock dividends in excess of $270,000 per year. For the purpose of determining Federal estate tax due and owing by the estate of Frederic H. Hatch, the value of the agreement was determined to be $243,326.70 and the petitioner does not here take issue with the value so determined. She also admits that if she had at any time sold the contract for an amount in excess of $243,326.70, such excess would have constituted taxable gain to her. Relying on *United States* v. *Carter*, 19 Fed. (2d) 121, however, she contends that there was no realization of gain by her in that she has not at any time made any sale, converted, or otherwise disposed of the asset and that in such circumstances the full amount received, including the amounts here in question, represent property acquired by her by "bequest, devise, or inheritance."

According to the scheme of the Internal Revenue Code, there is realization of gain from the sale or other disposition of property where the amount received is in excess of the cost or other basis therein provided, and in the case of property received by bequest, devise, or inheritance it is provided that the basis for determining gain or loss shall be the fair market value of such property at the time of acquisition.[2] In this case what the petitioner received as sole legatee under the will of her deceased husband was not money, but a contract between her husband and Frederic H. Hatch & Co. At the time of acquisition that contract had a value not here disputed of $243,326.70. By reason of the payments over the years the petitioner herein has realized in excess of that basis the amounts involved in this case. As stated by the court in *Helvering* v. *Roth*, 115 Fed. (2d) 239, a case quite comparable to the case here, there can be no doubt that such a transaction, namely, the collection of moneys under rights or contracts acquired as in this case, which moneys are in excess of the value of those rights or contracts as of the date of inheritance, results in a gain to some one, and under section 22 (a) of the code gross income includes "gains, * * * of whatever kind." In this instance the realization of gain could have been by no one other than this petitioner. The amounts in question were not received by bequest, but rather the bequest consisted of the contract and the rights thereunder. The payments received over the years represent the realizations by the petitioner on that contract and by reason of her ownership thereof

[2] Sec. 113 (a) (5), I. R. C.

and, the amounts involved in this proceeding being in excess of the basis for determining gain or loss on the contract in her hands, the respondent has correctly determined that they constitute income to her and are includible in her gross income. *United States* v. *Carter*, *supra*, does give support to the petitioner's claim, but, just as in *Helvering* v. *Roth*, the Circuit Court of Appeals for the Second Circuit was unable to see anything in the *Carter* case which would justify the conclusion reached, we likewise are unable to regard the *Carter* case as a correct pronouncement of the law. *Helvering* v. *Roth*, in our judgment, represents the sound view, and we regard the principles therein declared as controlling here.

The petitioner also relies on *Commissioner* v. *Winslow*, 113 Fed. (2d) 418. In that case, however, the payments involved were payments made under an insurance policy and the code provides specifically in section 22 (b) (1) [3] that such payments shall not be included in gross income and shall be exempt from the Federal income tax. There is no such statutory provision with respect to gains realized upon property or property rights received by gift, bequest, or devise.

In the alternative the petitioner contends that, in the event it is held that the amounts received in excess of the value of the agreement at the time acquired by her constituted taxable income, such income should be allocated over the life of the agreement or contract, and further that if taxable income was realized it was capital gain within the meaning of section 117 of the Internal Revenue Code. In making the allocation argument petitioner starts with the premise that $300,000 should have been regarded as the total amount to be realized by her on the contract and $56,673.30, the difference between her basis of $243,326.70 and $300,000, as the total gain and that such part of the amount paid in any year as was of the same ratio that $56,673.30 bears to $300,000 should be allocated as the gain realized in the year of such payment. By such formula she would arrive at taxable income of $2,975.35 for 1941 and $2,266.93 for each of the years 1942 and 1943.

As a general factual proposition, it can not be said that any one has realized gain from the disposition or liquidation of property until he has recovered something in excess of his cost and, with some few exceptions specifically provided for, such is the statutory pattern. In this instance, the cost or other basis to petitioner of the contract and the rights thereunder was $243,326.70. The petitioner has pointed to nothing in the statute which supports or justifies any method for

---

[3] (b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income).

computing the gain realized or of determining the year or years of realization different from those determined by the Commissioner. This is not, for instance, the case of an installment sale specifically dealt with in section 44 of the code, and there is no claim or contention on the part of any one that the payments received constitute annuities within the meaning of section 22 (b) (2) of the code. Simply put, we think it may be said that we have here the collection of amounts which have become due and owing under the contract and which are to be applied in liquidation or satisfaction of the obligation of Frederic H. Hatch & Co. under its contract and such payments constitute taxable income to petitioner after her cost or other basis for the contract has been received. We find in that situation no basis for allocation of such gain in the manner desired by petitioner.

The petitioner's argument that, if it be held that taxable gain was ·realized on the contract such gain was capital gain within the meaning of section 117 of the Internal Revenue Code, is not in our judgment well taken, for the reason that in this instance the gain was not realized as the result of a sale or exchange of a capital asset. That section defines capital gain as gain from the sale or exchange of capital assets and it is well settled that, in the absence of some statutory exception, only gain so realized is capital gain. See *John H. Watson, Jr.*, 27 B. T. A. 463; *Herbert's Estate* v. *Commissioner*, 139 Fed. (2d) 756; certiorari denied, 322 U. S. 752. In this instance the contract acquired by the petitioner as the sole legatee of her deceased husband and which had thereafter ripened into a matured obligation after his death, was merely being discharged or liquidated. There was no sale or exchange. We accordingly find and hold that the gain realized by the petitioner was not a capital gain within the meaning of the code. See and compare *Fairbanks* v. *United States*, 306 U. S. 436; *John H. Watson, Jr., supra; John H. S. Lee*, 42 B. T. A. 920; affd., 119 Fed. (2d) 946; and *R. W. Hale*, 32 B. T. A. 356; affd., 85 Fed. (2d) 819. *Susan J. Carter*, 9 T. C. 364; affd., 170 Fed. (2d) 911; *George James Nicholson*, 3 T. C. 596; and *United States* v. *Yerger*, 55 Fed. Supp. 521, relied on by the petitioner, are distinguishable. In those cases the transactions were sales or exchanges and the gain was capital gain within the spirit and letter of the statute.

As to the year 1941, it is the further claim of the petitioner that the determination of the deficiency was not timely made within the meaning of section 275 (a) of the code and that it is accordingly barred by the statute of limitations. It is the contention of the respondent that the period of limitation governing 1941 is found in section 275 (c) and under the provisions of that section his determination was timely made. Under section 275 (c) of the code, a period of five years from the time the return is filed is allowed for assessment of tax where the taxpayer omits from gross income an amount properly includible

therein which is in excess of 25 per cent of the amount of gross income stated in the return. Here the petitioner omitted from gross income for 1941 an amount of $7,923.30, which is in excess of 25 per cent of the gross income stated on her return for that year. Therefore, a period of five years from March 6, 1942, the date the return was filed, was allowed for making assessment of the tax for 1941. Prior to the expiration of the five-year period the petitioner and the respondent entered into an agreement extending the period for assessment to June 30, 1948. Since the notice of deficiency was mailed to the petitioner on February 3, 1948, it was timely, and accordingly the period of limitations for assessment of the petitioner's 1941 income tax liability had not expired.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

VAN FOSSAN, *J.*, dissenting: Being of the opinion that *United States v. Carter*, 19 Fed. (2d) 121, is the correct statement of law that should govern in the present case, and feeling that *Commissioner* v. *Winslow*, 113 Fed. (2d) 418, is by analogy also good authority in support of petitioner's position, I respectfully dissent.

---

HILL, *J.*, dissenting: In the *Roth* case, cited and relied on in the majority opinion, the notes in question were valueless at the time of Roth's death and were so returned for estate tax purposes. Some years thereafter the executors of Roth's estate received payment of the notes in full. The Circuit Court of Appeals held that there was realized gain to the estate in the amount of such payment and that such gain was taxable. The factual situation and the legal question in that case are not comparable to those of the instant case.

In the instant case the legacy had a maximum potential value of $400,000 at the time of decedent's death, realizable in ten annual payments. The legacy was of dollars, payable in dollars in the amounts and as directed in the contract. Every dollar of each annual payment made to petitioner was received by her as part of the legacy. The legacy was not paid by the testamentary transfer of the contract for such payment.

The commuted value of the legacy did not limit the amount of the legacy to such value. If the money received by petitioner under the terms of the contract was income, it must represent realized appreciation of the legacy. But the legacy did not and could not appreciate. Obviously there were no rents, issues, or profits arising from or out of the legacy, for every payment received by petitioner in accordance with the contract was received as legacy and not as an accretion to it or as an issue from it.

In legal theory the commuted present value of an obligation is equivalent to the face value of such obligation payable over a period of future years or at a long deferred future date. The converse is likewise true. But commutation to present value of long term payments of a legacy does not alter the amount or character of the legacy when and as paid under the testamentary terms therefor. In the instant case the value of the legacy was progressively determined by payments thereon as and when paid. The total value of the legacy was determinable only upon the payment of the last yearly installment thereof and such value was, of course, the sum of all the payments made in compliance with the testamentary provisions for such payments.

The majority holds that all payments received by petitioner under the terms of the legacy which were in excess of the commuted value thereof were not received as legacy. Such holding carries its own negation, since it is an incontestable fact that every such payment had its exclusive origin and authorization in the legacy.

For the purposes of the estate tax upon decedent's estate it was necessary to determine the value of the property in the legacy as of the date of decedent's death, but we are not here concerned with determining a basis of the legacy to petitioner, since there has been no sale or other disposition of it by her. It is a generally accepted legal principle that the payment of an obligation is not a disposition of it within the meaning of the taxing statutes, dictum to the contrary by the Circuit Court of Appeals for the Second Circuit in the *Roth* case notwithstanding.

I am unable to agree with the majority holding. In my opinion it is speciously artificial and wholly unrealistic.

VAN FOSSAN, *J.*, agrees with this dissent.